MATTER OF MAUNGCA

In Visa Petition Proceedings

A-17276315

*Decided by Board November 18, 1966*

Acknowledgment alone of beneficiary, born out of wedlock in the Philippines, by petitioner, her alleged natural father, does not constitute legitimation since, under the law of the Philippines, legitimation is accomplished by the marriage of the natural parents and the acknowledgment by them of such child either before or after the marriage.

The case comes forward on appeal from the order of the District Director, San Francisco District, dated September 19, 1966 denying the visa petition for the reason that no evidence has been presented that the beneficiary has been legitimated in accordance with the laws of the Philippine Islands or the State of California; it is concluded that the beneficiary is not a child as defined in section 101(b)(1) of the Immigration and Nationality Act, as amended.

The petitioner, a native of the Philippines, a citizen of the United States by naturalization on August 8, 1947, male, 58 years old, seeks preference quota status on behalf of his married illegitimate daughter, a native and citizen of the Philippines, 39 years old. The beneficiary was married at Mambusao, Capiz on December 25, 1941 to Manuel Maungca. The petitioner himself was married on August 22, 1946 at Reno, Nevada. However, in view of the fact that the beneficiary is described as his illegitimate daughter, it may be safely assumed that he married someone other than the natural mother of the beneficiary.

Evidence has been presented that the birth records and baptismal records in Mambusao, Capiz, Philippines, were lost, destroyed or burned during the Japanese occupation. In connection with his appeal the petitioner claimed that he acknowledged that the beneficiary was his child since the time of her birth and that he supported

her until she was married. There have been submitted the joint affidavits of Carlos V. Andaya, Vicente De La Cena and Andres Latosa, all of Mambusao, Capiz, Philippines executed May 10, 1966 to the effect that the beneficiary was born of Juliana Ledonio, is the natural child of the petitioner who acknowledged her to be his natural child even at and after her birth and on his return to his native town sometime in March 1966; that they know all these facts because they were present at the baptism of the child and were witnesses to the records of her birth and to her acknowledgement as the natural child of the petitioner, the petitioner has disclosed the same, and it is a well-known fact in the community.

For the purpose of this proceeding it will be assumed that the beneficiary is the illegitimate natural acknowledged child of the petitioner. However, Article 270 of the Civil Code of the Philippines (1949) provides that legitimation shall take place by the subsequent marriage between the parents (Article 120 of the old Civil Code). Article 269 provides that children born out of wedlock of parents, who at the time of the conception of the child, were not disqualified by any impediment to marry each other, are natural. Article 271 provides that only natural children who have been recognized by the parents before or after the celebration of the marriage or have been declared natural children by final judgment may be considered legitimated by a subsequent marriage (Article 121a of the old Civil Code). It has been held that in order that a natural child may be ligitimated by the subsequent marriage of the parents, such child must have been acknowledged by them either before or after the marriage. *Madredejo* v. *De Leon*, 55 Phil. 1.

It, therefore, appears from the provisions of the Philippine Civil Code that acknowledgement alone is not enough to constitute legitimation which is accomplished by the subsequent marriage of the parents of natural children who have been recognized. Accordingly, legitimation according to Philippine law has not been established.

The record does not contain enough facts to determine whether there has been a legitimation pursuant to section 230 of the Civil Code of California, where the petitioner now resides. It is noted that the beneficiary was married at the age of 14 years. The petitioner has not raised the question of legitimation under section 230 of the California Civil Code, but has argued that his acknowledgement of the beneficiary entitled her to be his heir. While the latter argument may be true, acknowledgement alone under the Civil Code of

the Philippines does not constitute legitimation. In the event that the petitioner secures a judgment of legitimation pursuant to section 230 of the California Civil Code by a competent court, the matter may be reopened.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.