MATTER OF BLANCAFLOR

In Visa Petition Proceedings

A-20076368

A-20076370

*Decided by Board August 31, 1973*

(1) Under the law of the Philippines (Civil Code of 1950), to effect the legitimation of a child born out of wedlock the following primary conditions must be met: (1) the child must qualify as a "natural" child (a child born out of wedlock to parents who were free to marry each other at the time of conception); (2) the child must be acknowledged or recognized by its parents; and (3) the parents of the child must marry one another.

(2) Since the concept of "common law" marriage, as understood in the United States, is not recognized in the Philippines, a "common law" relationship between the parents of a child born out of wedlock in the Philippines does not qualify as a marriage of the parents under Article 270 of the Civil Code for the purpose of legitimation of the child.

The petitioner is a permanent resident alien who sought preferred status for the beneficiaries under section 203(a)(2) of the Immigration and Nationality Act. The District Director, in a decision dated March 13, 1973, denied the petitions on the ground that neither beneficiary could qualify as the "child" of the petitioner for purposes of immigration, and thus could not qualify as an "unmarried son" or "unmarried daughter" under section 203(a)(2).

The beneficiaries were born in the Philippines and appear to be the actual offspring of the petitioner. Although the petitioner has acknowledged that he never married the mother of the beneficiaries, but merely cohabited with her, he contends that the children were legitimated in the Philippines by his recognition of them before the registrar of birth and vital statistics coupled with his subsequent "common law" marriage to their mother.

A recent memorandum of law from the Library of Congress indicates that the law of the Philippines with respect to the legitimation of children is relatively complex. The Civil Code of the Republic of the Philippines, which took effect in August of 1950, sets forth three primary conditions which must be met in order to effect a legitimation: (1) the child must qualify as a "natural"

child; (2) the parents of the child must marry one another; and (3) the child must be acknowledged or recognized by its parents.

Article 269 of the Civil Code specifies that only "natural" children may be legitimated. That section further defines "natural" children to be individuals born out of wedlock whose parents were free to marry each other at the time of conception. Although the record is incomplete in this respect, we nevertheless have no indication that the beneficiaries would be ineligible to qualify as "natural" children within this statutory framework.

Furthermore, based upon the contentions of the petitioner, he would appear to have satisfied the requirements of Articles 271 and 278 of the Civil Code as well. Taken together, these provisions mandate that a child either be recognized by its parents in some "authentic writing," such as a will, a record of birth or a statement before a court of record, or be declared natural by a final judgment, before the child may be considered legitimated. The petitioner would seem to have met this condition through the declaration which he purportedly made before the registrar of birth and vital statistics.

However, Article 270 of the Civil Code specifies that legitimation shall take place through the subsequent marriage of the parents of the child. See *Matter of Maungca*, 11 I. & N. Dec. 885 (BIA,1966). This statute would appear to contradict the petitioner's position regarding the legitimation of the beneficiaries, unless his claimed "common law" marriage to the mother of the children could qualify as a "marriage" within the purview of Article 270.

The memorandum from the Library of Congress indicates that the concept of a "common law" marriage, as understood in the United States, is not recognized in the Philippines. While a man and a woman who have cohabited may be exempt, under certain circumstances, from obtaining a marriage license, a formal ceremony with witnesses is nevertheless a prerequisite to their union. See Articles 53, 55 and 76 of the Civil Code of the Philippines.

Since a "common law" relationship between a man and woman is not accorded recognition as a marriage in the Philippines, it is evident that the petitioner has not complied with Article 270 of the Civil Code. The beneficiaries, thus, could not have been legitimated as claimed by the petitioner. Therefore, we find that they do not qualify as his children within the meaning of section 101(b)(1) of the Act, and the decision of the District Director was correct. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.