## MATTER OF ESPIRITU

### In Visa Petition Proceedings

### A–21223696

### *Decided by Board December 21, 1977*

(1) The term "legitimate" as used in section 101(b)(1)(A), 8 U.S.C. 1101(a)(1)(A), refers solely to a child born in wedlock.

(2) Under the law of the Philippines (Civil Code of 1950) to effect the legitimation of a child born out of wedlock: (a) the child must qualify as a "natural" child (a child born out of wedlock to parents who were free to marry each other at the time of conception); (b) the child must be acknowledged or recognized by its parents; and (c) the parents of the child must marry one another; and a "common law" relationship between the parents does not qualify as a marriage under Article 270 of the Civil Code.

(3) Under Section 338–21(a), Hawaii Revised Statutes, all children born out of wedlock, irrespective of the marriage of either parent to another, become legitimate; (a) on the marriage of the parents with each other; (b) on the voluntary, written acknowledgment of paternity by the father and mother; or (c) on establishment of the parent and child relationship under the Uniform Parentage Act.

(4) Under Section 584–4(a)(4), Hawaii Revised Statutes, the parent and child relationship between a child and the natural father may be established if, while the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child.

(5) A visa petition for an illegitimate child held properly denied where a child was not legitimated under the law of the Philippines, his place of birth, and no proof is presented that the child was received openly into the home of the natural father petitioner so as to be legitimated under Hawaiian law.

ON BEHALF OF PETITIONER:   Ronald T. Oldenburg, Esquire
677 Ala Moana
Suite 900
Honolulu, Hawaii 96813

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The petitioner[1] applied for immediate relative status for the beneficiary as his child under section 201(b) of the Immigration and Na-

---

[1] In his visa petition which was received by the Immigration and Naturalization Service on January 6, 1977, the petitioner indicated that question number 30 pertaining to United States citizenship was not applicable to him. In response to question number 31, he indicated that he was a lawful permanent resident alien as of July 14, 1971. In his appellate brief, counsel for the respondent informed this Board that the petitioner became a naturalized citizen of the United States at Honolulu, Hawaii, on December 22, 1976.

tionality Act, 8 U.S.C. 1151(b). In a decision dated March 17, 1977, the District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The petitioner is a native of the Philippines and a resident of Honolulu, Hawaii. The beneficiary is a single male alien who is a native, citizen, and resident of the Philippines. He was born on December 31, 1960.

The District Director's decision was predicted upon a finding that the petitioner and the beneficiary's mother never married. He therefore concluded that the petitioner failed to establish the claimed relationship.

The record contains a sworn statement by the petitioner. That statement was prepared by the Service in question and answer form at the District Director's office in Honolulu, Hawaii, and was signed by the petitioner and a Service immigration inspector on January 31, 1977. In his statement, the petitioner stated that he was the natural father of the beneficiary; that he never married Thelma Aguirre, the beneficiary's natural mother; that he lived with her in a "common law" relationship; and that she died in 1974. The petitioner also indicated that the beneficiary had never been to the United States; and he never legitimated the beneficiary.

Under section 101(b) of the Act, 8 U.S.C. 1101(b), a person may qualify as a "child " within the context of the immigration laws only where the parent-child relationship exists by reason of any of the circumstances set forth in section 101(b)(1). The term "child", as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or ligitimated in accordance with the provisions of section 101(b)(1)(C) of the Act:

> . . . a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) refers solely to a child born in wedlock. See *Matter of Bullen,* Interim Decision 2621 (BIA 1977); *Matter of James,* Interim Decision 2461 (BIA 1975); *Matter of Dela Rosa,* 14 I. & N. Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I. & N. Dec. 303 (BIA 1972). The beneficiary was not born in wedlock, and he therefore cannot qualify as the petitioner's legitimate child.

With respect to legitimation, the petitioner has not presented evidence to show that the beneficiary was legitimated under the law of the child's residence or domicile. "Under the law of the Philippines (Civil Code of 1950), to effect the legitimation of a child born out of wedlock

427

the following primary conditions must be met: (1) the child must qualify as a 'natural' child (a child born out of wedlock to parents who were free to marry each other at the time of conception); (2) the child must be acknowledged or recognized by its parents; and (3) the parents of the child must marry one another. Since the concept of "common law" marriage, as understood in the United States, is not recognized in the Philippines, a 'common law' relationship between the parents of a child born out of wedlock in the Philippines does not qualify as a marriage of the parents under Article 270 of the Civil Code for the purpose of legitimation of the child." *Matter of Buenaventura*, Interim Decision ____ (BIA, April 27, 1977); *Matter of Blancaflor*, 14 I. & N. Dec. 427 (BIA 1973); and *Matter of Maungca*, 11 I. & N. Dec. 885 (BIA 1966).

Counsel submits in the notice of appeal that the beneficiary may be considered as a legitimate child under the laws of the State of Hawaii, the state in which the petitioner currently resides. Since 1866 the law in Hawaii has been that children born out of wedlock became legitimate on the marriage of the natural parents with each other.[2] In 1975, however, the State of Hawaii adopted the Uniform Parentage Act. That statute, which became effective on January 1, 1976, amended the law of legitimation in Hawaii. Under Section 338-21(a) of the Hawaii Revised Statutes all children born out of wedlock, irrespective of the marriage of either parent to another, become legitimate (1) on the marriage of the parents with each other, (2) on the voluntary, written acknowledgment of paternity by the father and mother, or (3) on establishment of the parent and child relationship under the Uniform Parentage Act. Under this statute, the parent and child relationship between a child and the natural father may be established in various enumerated ways. Counsel for petitioner urges that the provisions of Section 584-4(a)(4) of the Hawaii Revised Statutes are applicable to the petitioner. That section provides that a parent and child relationship is established if, while the child is under the age of majority, the parent receives the child into his home and openly holds out the child as his natural child.

While we recognize the changes in the law of legitimation in Hawaii, we find that petitioner has not submitted evidence to establish that he has legitimated the beneficiary under the Uniform Parentage Act of Hawaii or any other Hawaiian Statute. Thus, he has not complied with the requirements of section 101(b)(1)(C). Consequently, the petitioner has failed to sustain his burden of proving that the beneficiary qualifies as his child under section 201(b) of the Act. The appeal accordingly is dismissed.

ORDER: The appeal is dismissed.

---

[2] Section 338-21, Hawaii Revised Statutes; *In Re Female Minor Child*, 477 P.2d 780; 52 Haw. 395 (1970).