MATTER OF PALACIO

In Visa Petition Proceedings

A-14242599

*Decided by Board May 7, 1965*

Since the amended Judgment of Legitimation of beneficiary by petitioner,
entered April 27, 1965, by the Superior Court of the State of California
under section 230, California Civil Code, decrees legitimation of the benefici-
ary—born out of wedlock June 27, 1944 in the Philippines—as of December
31, 1952, when he was 8 years old and was living with the petitioner in the
Philippines, beneficiary comes within the definition of "child" in section
101(b)(1)(C), Immigration and Nationality Act, as amended, and, therefore,
is eligible for nonquota status. (*Note*: See also, *Matter of Palacio*, Int. Dec.
No. 1453, of which the alien in this case is also the subject.)

The case comes forward pursuant to motion of counsel for the
petitioner attaching an amended Judgment of Legitimation under
section 230 of the California Civil Code and requesting that the
visa petition be granted.

The visa petition was filed by a native of the Philippines and a
naturalized citizen of the United States, 60 years old, male, seeking
nonquota status on behalf of his unmarried child, born June 27, 1944,
a native and citizen of the Philippines. The beneficiary was born
out of wedlock. The petitioner married his present wife, Maria
Dalisay Angeles, on May 6, 1963.

In connection with the visa petition there was previously submitted
a decree of the Superior Court of the State of California, City and
County of San Francisco, declaring that the petitioner is the
legitimate father from birth of the beneficiary as well as other
included children, that the said minor children are legitimate chil-
dren of the petitioner and that a valid and subsisting relationship
of parent and child exists between petitioner and the said minor
child. In view of the fact that it did not appear from the face of
the judgment that this was a legitimate proceeding pursuant to
section 230 of the California Civil Code, and may have been a pro-
ceeding pursuant to section 231 of the California Civil Code or

section 255 of the Probate Code of California, and it further appearing that it was not established that the beneficiary had been received into the home of the petitioner, the denial of the visa petition was dismissed on April 7, 1965. Our order was without prejudice to a reopening upon submission of a judgment by a California Court showing that the petitioner has been legitimated pursuant to section 230 of the California Civil Code together with the date of such legitimation.

There has now been submitted an Amended Judgment of Legitimation under section 230 of the California Civil Code in the Superior Court of the State of California in and for the City and County of San Francisco, dated April 27, 1965, providing for a judgment in accordance with section 230 of the California Civil Code acknowledging the existence of the parental relationship between petitioner and the minor children named therein, including the beneficiary who was born on June 27, 1944. It was ordered adjudged and decreed that the petitioner is the legitimate father of the beneficiary and of the other minor children and the children are the legitimate children of the petitioner and that a valid and subsisting relationship of parent and child has existed between petitioner and the said minor children since their birth. It was further ordered adjudged and decreed that the date of legitimation of the beneficiary is December 31, 1952, when beneficiary was eight years of age.

Section 230 of the California Civil Code, which has been construed as an out-and-out statute of legitimation,[1] provides that the father of an illegitimate child, by publicly acknowledging it as his son, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were his legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The amended judgment legitimates the child as of December 31, 1952 which is the date of the presumed death of Librada, the first wife of the petitioner (actually, this marriage was dissolved by a California divorce decree on April 26, 1963). The petitioner resided in the Philippines in a husband and wife relationship with Nena de Silva, the natural mother of the beneficiary, from prior to the birth of the beneficiary on June 27, 1944 and had five children by her, the last having been born on December 19, 1957. The petitioner left the Philippines in 1957. According to the Amended Judgment, the court evidently considered the relationship between the petitioner and Nena de Silva sufficient to base a finding of "receiving into the

---

[1] *Ballantine* v. *De Silva*, 226 F.2d 623, 632 (9th Cir., 1955), affirmed 351 U.S. 570, rehearing denied 352 U.S. 907.

family," even though it occurred in the Philippines, under the circumstances of the case.[2]

Based upon the amended Judgment Decree that the date of legitimation of the beneficiary is December 31, 1952, when the beneficiary was eight years old, the provisions of section 101(b)(1)(C) of the Immigration and Nationality Act, as amended, appear to be satisfied. Upon reconsideration, the visa petition will be approved.

ORDER: It is ordered that the motion be granted and that the visa petition be approved for nonquota status on behalf of the beneficiary.

---

[2] Compare *Matter of Wong*, Int. Dec. No. 1287; *Matter of Tinsley*, Int. Dec. No. 1323.