MATTER OF PETERS

In Visa Petition Proceedings

A-12814567

*Decided by Board June 30, 1966*

Since the adoption on January 21, 1963 of beneficiary (born out of wedlock in 1947) by her natural father and his wife by decree of the Municipal Court of Saint Croix, Christiansted, Virgin Islands, in accordance with Title 16, section 462, of the Virgin Islands Code, when the beneficiary was under 18 years of age, constitutes an acknowledgement and legitimation pursuant to said section of the Virgin Islands Code, beneficiary is a legitimated child within the meaning of section 101(b)(1)(C), Immigration and Nationality Act, as amended.

The case comes forward on appeal from the order of the District Director, San Juan, Puerto Rico dated April 6, 1966 denying the visa petition for the reason that at the time of the adoption, the beneficiary had passed her 14th birthday and, therefore, could not be considered as the petitioner's child within the definition of the Immigration and Nationality Act.

The petitioner, a native of Antigua, British West Indies, a naturalized citizen of the United States, has filed a petition to classify the status of his alien relative for issuance of an immigrant visa. The beneficiary is a native and citizen of Antigua, British West Indies, born September 2, 1947, female.

The beneficiary is the adopted daughter of the petitioner. There has been submitted a certified copy of a decree of the Municipal Court of Saint Croix, Christiansted, Virgin Islands showing that the beneficiary and her brother, Sylvanus, were adopted by the petitioner and his wife, Eileen, whom he had married on May 31, 1955, on January 21, 1963. The adoption papers indicate that the children were residing with the petitioner in the Virgin Islands. There is also contained in the moving papers a consent to the adoption executed by the natural mother of the children who declares that they were born out of wedlock and that their natural father is Samuel R. Peters, the petitioner. In addition, two ministers under date of

January 11, 1966 have certified that the two children have resided
with the adoptive parents for the past three years.

The visa petition was denied by the District Director for the rea-
son that the beneficiary, at the time of the adoption, was over the
age of 14 years and could not be considered an adopted child within
the definition of Section 101(b)(1)(E) of the Immigration and
Nationality Act. Counsel, while taking issue with the denial of the
visa petition on the adoption ground, also asserts that the beneficiary
is a legitimated child. He relies upon the provisions of Title 16,
Virgin Islands Code, Section 462, which provides:

The father of an illegitimate child, by publicly acknowledging it as his own,
with the consent of his wife, if he is married, into his family, and otherwise
treating it as if it were a legitimate child, thereby adopts it as such; and such
child is thereafter deemed for all purposes legitimate from the time of its
birth.

The revision note in the Code explains that section 462 is new
and is designed to ameliorate the rigors of the common law with
respect to illegitimates and that wording of the section is based
upon section 230 of the Civil Code of California. Section 230 of
the California Civil Code provides that the father of an illegitimate
child, by publicly acknowledging it his own, receiving it as such,
with the consent of his wife, if he is married, into his family, and
otherwise treating it as if it were his legitimate child, thereby
adopts it as such; and such child is thereupon deemed for all pur-
poses legitimate from the time of its birth. The slight difference
in language is not regarded as significant.

Section 230 of the California Civil Code has been construed as
a statute of legitimation.[1] The birth certificate of the beneficiary
does not name the father. Counsel in his brief alleges, without
corroboration or documentation, that in a child support action
brought against the petitioner by the natural mother on or about
1951, the petitioner made public acknowledgement to the court that
the beneficiary (age 4) was his daughter and that St. John's Police
Court, St. John, Antigua, West Indies, after the public acknowl-
edgement, entered a support order.

However, it is believed unnecessary to remand the case for
evidence of this support order. The beneficiary was adopted by
the petitioner and his wife on January 21, 1963 when the beneficiary
was under the age of 18 years. This legal adoption conformed with
the requirements of the Virgin Islands Code, Title 16, section 462
set out above. This adoption constitutes an acknowledgement and

---

[1] *Ballantine* v. *De Silva*, 226 F.2d 623 (9th Cir., 1955) affirmed 351 US 570,
rehearing denied 352 US 907.

legitimation pursuant to Title 16, Virgin Islands Code, section 462.[2] It is concluded that under Title 16, section 462, Virgin Islands Code, the beneficiary has been legitimated while under the age of 18 years and qualifies as a child within the meaning of section 101 (b)(1)(C) of the Immigration and Nationality Act. The appeal will be sustained.

**ORDER:** It is ordered that the appeal be and the same is hereby sustained and that the visa petition be approved.

---

[2] See *Matter of Palacio*, Int. Dec. No. 1470; See also *Matter of DeF—*, 6 I. & N. 825.