MATTER OF COKER

In Visa Petition Proceedings

A–19509617

*Decided by Board January 8, 1974*

(1) In order to qualify as a "daughter" for preference classification purposes, a beneficiary of a visa petition must once have qualified as a child of the petitioner under section 101(b)(1) of the Immigration and Nationality Act, as amended.

(2) Under the law of Nigeria, a child born out of wedlock is illegitimate; such a child may be legitimated through the subsequent marriage of the child's parents or by the father's acknowledgement. Acknowledgement involves conduct or an act by the father which definitely indicates that the child is his own.

(3) Since petitioner has admitted that he never married the mother of the beneficiary, who was born out of wedlock in Nigeria, and no evidence has been submitted of any act or conduct on the part of the petitioner constituting acknowledgment, he has failed to establish that the beneficiary is his legitimate or legitimated child. Therefore, the visa petition to accord beneficiary preference status as his daughter under section 203(a)(2) of the Immigration and Nationality Act, as amended, is denied.

ON BEHALF OF PETITIONER:
David S. Billet, Esquire
225 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The lawful permanent resident petitioner applied for preference status for the beneficiary as his daughter under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated January 6, 1972, the District Director denied the petition on the ground that the beneficiary was not the petitioner's legitimate or legitimated child. The petitioner has appealed from that decision. The appeal will be dismissed.

In order to qualify as a "daughter" for preference purposes, a beneficiary must once have qualified as a "child" of the petitioner under section 101(b)(1) of the Act. *Matter of Pagnerre*, 13 I. & N. Dec. 688 (BIA 1971). The applicable portions of section 101(b) define a "child" as a legitimate child, or a child legitimated under the law of the child's residence or domicile, or under the law of the father's

521

residence or domicile, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. The burden of proof to establish the required relationship rests upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966).

On appeal, the petitioner's counsel alleges that under the native customary law of Nigeria all children are considered legitimate at birth, regardless of the marital status of the parents. We have consulted a memorandum of Nigerian law from the Near Eastern and African Law Division of the Library of Congress. That memorandum indicates that, contrary to counsel's position, a child born out of wedlock in Nigeria is illegitimate. He or she may become legitimated under customary law through the subsequent marriage of the child's parents or by the father's acknowledgement. Acknowledgement involves conduct or an act by the father which definitely indicates that the child is his own. The petitioner has admitted that he never married the beneficiary's mother, and no evidence of any act or conduct constituting acknowledgement on the part of the petitioner has been submitted.

Counsel has offered a letter from a solicitor in Nigeria and a letter from the Nigerian consul in New York in support of his interpretation of Nigerian law. Neither of these documents stands for the position taken by counsel. The solicitor's letter states: *"Once a father acknowledges and recognises a child as his own* then under Native Law and Custom the child is entitled to succeed him or inherit his property for all purposes" (emphasis added). It appears from this letter that some act of acknowledgement is required, but as we noted above, no evidence of any such act has been submitted. The letter from the Nigerian consul states that, "marriages contracted in Nigeria between two Nigerians according to Nigerian Native Law and Custom are valid and recognized under the Laws of Nigeria." This statement is not relevant to the present case, because the petitioner has admitted that he never married the beneficiary's mother.

We conclude that the petitioner has failed to establish that the beneficiary is his legitimate or legitimated child. Therefore, the petitioner has not shown that the beneficiary is eligible for preference status as his daughter under the Act. The decision of the District Director was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.