## MATTER OF PARK

### In Visa Petition Proceedings

### A–20547404

### *Decided by Board October 6, 1975*

(1) Under the law of Korea, effective January 1, 1960 (Article 878, Civil Code; Article 70, Family Registration Law), the registration of an adoption is a prerequisite to its validity.

(2) Beneficiary's adoption in Korea after January 1, 1960 which was reported to the Family Registrar on May 29, 1968, became valid on that date. Since beneficiary was 20 years old at the time of the registration of her adoption, she cannot qualify as a child within the terms of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, and, therefore, is ineligible for preference classification under section 203-(a)(2) of the Act, as amended, of the adopted daughter of the lawful permanent resident petitioner.

ON BEHALF OF PETITIONER:   Bert D. Greenberg, Esquire
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036

In a decision dated September 26, 1974, the district director denied the petition to classify the beneficiary as a preference immigrant under section 203(a)(2) of the Immigration and Nationality Act. The petitioner has appealed from that decision. The appeal will be dismissed.

The petitioner is an alien lawfully admitted for permanent residence. The record indicates that the beneficiary is the adopted daughter of the petitioner. The beneficiary, a native of Korea, was born in March of 1948; the adoption took place in Korea.

The documents submitted by the petitioner indicate that the petitioner took steps to adopt the beneficiary in 1960, but that the adoption was not reported until May 29, 1968, at which time the beneficiary was 20 years old. The district director denied the petition on the ground that the beneficiary had not been adopted while under the age of 14 as required by section 101(b)(1)(E) of the Act. We agree with the district director.

In order to qualify as a "daughter" for preference purposes, a beneficiary must once have qualified as a "child" of the petitioner under section 101(b)(1) of the Act. *Nazareno* v. *Attorney General,* 512 F.2d 936 (D.C. Cir. 1975), petition for cert. filed, 44 U.S.L.W. 3016 (No.

74-1473); *Matter of Coker*, 14 I. & N. Dec. 521 (BIA 1974). The only subdivision of section 101(b)(1) relevant to this case in section 101-(b)(1)(E), which provides:

The term "child" means an unmarried person under twenty-one years of age who is—

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: *Provided*, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.

The petitioner has not submitted any evidence regarding the adoption laws of Korea. In connection with another case we received a memorandum of foreign law, titled Adoption Under the Civil Code of the Republic of Korea of 1960, from the Far Eastern Law Division of the Library of Congress. The memorandum, dated January 1971, indicates that for a Korean adoption taking place after January 1, 1960 to be valid, it must comply with certain formal and substantive requirements. Among the formal requisites to a valid adoption is registration with the Korean Family Registrar. Article 878 of the Civil Code of Korea provides:

1. An adoption becomes effective by notification thereof in accordance with the provisions of the Family Registration Law.

2. The notification mentioned in the preceding paragraph shall be made in writing with the joint signature of both parties and two witnesses who are of legal age.

Article 70 of the Family Registration Law, which also became effective on January 1, 1960, provides:

The notification of adoption shall be given in the domicile or residence of the adopting parent, or in the district in which he presently resides.

It thus appears that registration of an adoption is a prerequisite to its validity under Korean law. The date of the quoted provisions of the law of Korea. The record indicates that the adoption was reported to the Family Registrar on May 29, 1968. We hold that the adoption became valid on that date. The beneficiary was then 20 years old, and the terms of section 101(b)(1)(E) have not been satisfied.

The decision of the district director was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.