MATTER OF OBANDO

In Visa Petition Proceedings

A–21172362

*Decided by Board July 20, 1977*

(1) United States citizen petitioner filed a visa petition seeking to classify the beneficiary as his unmarried daughter, under section 203(a)(1) of the Immigration and Nationality Act. Beneficiary had been born out of wedlock in 1953 in Belize. On December 15, 1976, the Municipal Court of St. Croix, Virgin Islands, issued a decree of legitimation under Title 16, section 462 of the Virgin Islands Code which provided that the beneficiary would be considered as the legitimate child of the petitioner for all purposes, from the time of her birth.

(2) Since the act of legitimation of the beneficiary did not take place until she was 23 years of age, beneficiary cannot qualify as petitioner's "child" under section 101(b)(1)(C) of the Act, and the visa petition was properly denied.

(3) *Matter of Palacio,* 11 I. & N. Dec. 183 (BIA 1965) distinguished.

ON BEHALF OF PETITIONER:   Russell B. Johnson, Esquire
King Christian Hotel
Post Office Box 3649
Christiansted, St. Croix
U.S. Virgin Islands 00820

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The United States citizen petitioner filed a visa petition seeking to classify the beneficiary as his unmarried daughter under section 203(a)(1) of the Immigration and Nationality Act. The District Director denied the petition on the ground that the beneficiary had not been legitimated before she reached the age of 18 years, and therefore could not qualify as the child of the petitioner within the meaning of section 101(b)(1)(C) of the Act. The petitioner has appealed. The appeal will be dismissed.

The facts in this case are not in dispute. The beneficiary was born out-of-wedlock in Belize (British Honduras) on September 14, 1953. Until coming to join her father in St. Croix, Virgin Islands on November 20, 1976, she had always resided with her natural mother in Belize.

The petitioner and his wife brought a legitimation proceeding in the Municipal Court of St. Croix, where they reside. The court issued a decree of legitimation dated December 15, 1976. The decree states that

the beneficiary "shall be considered as the legitimate child of [the petitioner] from the time of her birth for all purposes."

The legitimation was accomplished in accordance with Title 16, Virgin Islands Code, section 462, which provides:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

The revision note in the code explains that section 462 is based upon section 230 of the Civil Code of California, which uses virtually identical language.[1] See *Matter of Peters,* 11 I. & N. Dec. 691, 692 (BIA 1966).

The record shows that the petitioner complied with the requirements of section 462 of the Virgin Islands Code.

In order to qualify as the petitioner's unmarried daughter, the beneficiary must at one time have been the petitioner's "child" within the definition of section 101(b)(1) of the Act. *Matter of Coker,* 14 I. & N. Dec. 521 (BIA 1974).

Under section 101(b)(1) of the Act, a person may qualify as a "child" within the context of the immigration laws only where the parent-child relationship exists by reason of any of the circumstances set forth in section 101(b)(1). The term "child," as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or legitimated in accordance with the provisions of section 101(b)(1)(C) of the Act:

> a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, *if such legitimation takes place before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (Emphasis supplied.)

The beneficiary's legitimation took place when she was 23 years old. It would thus seem clear that the legitimation occurred too late to confer any immigration benefits. However, the petitioner stresses the fact that the decree confers legitimacy from the time of the beneficiary's *birth.* This argument is fallacious. Generally, when a child is legitimated, the child is deemed legitimate from the time of its birth. That has nothing to do with the age of the child at the time when the act of legitimation takes place. In this case, the act of legitimation took place when the child was 23, not when it was born.

The petitioner seeks to support his novel argument by citing our

---

[1] Section 230 of the California Civil Code was repealed in 1975 when California adopted the Uniform Parentage Act. *Matter of Buenaventura,* Interim Decision 2636 (BIA 1977).

decision in *Matter of Palacio*, 11 I. & N. Dec. 183 (BIA 1965). That case arose under section 230 of the California Civil Code, which, as noted above, was the model for section 462 of the Virgin Islands Code. The beneficiary in *Palacio* was 21 years old when the *decree* of legitimation was issued. However, the *acts constituting the legitimation* had occurred much earlier, when the beneficiary was eight years old. The decree specifically stated that the date of legitimation was December 31, 1952, when the beneficiary was eight years old. In *Palacio* no reliance was placed upon the fact that the legitimated child was deemed legitimate for all purposes from the time of its birth. What was crucial was the fact that the child had become legitimated when it was eight years old. The legitimation decree, issued 13 years later, merely confirmed the child's legitimate status; it did not create that status.

The petitioner's argument thus has no merit.

**ORDER:** The appeal is dismissed.