## MATTER OF AU YEUNG

In Visa Petition Proceedings

A-13856216

*Decided by Board June 28, 1978*

(1) The Board of Immigration Appeals does not have jurisdiction to consider whether a beneficiary of a visa petition, who was once accorded lawful permanent resident status, has abandoned that status, when the Board has before it an appeal from the denial of a visa petition.

(2) An alien, who is admitted to the United States as an "eligible orphan" pursuant to section 101(b)(1)(F) of the Act, and is never adopted by the petitioning United States citizen "parent," and who leaves the United States, is not eligible for preference status as the "son" of the petitioning United States citizen "parent" since that relationship never came into existence.

ON BEHALF OF PETITIONER:   Austin T. Fragomen, Jr., Esquire
Fried, Fragomen, Del Rey, & O'Rourke, P.C.
515 Madison Avenue
New York, New York 10022

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for preference status for the beneficiary as his unmarried son under section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153 (a)(1). In a decision dated July 27, 1977, the District Director denied that petition. The petitioner has appealed from that decision. The appeal will be dismissed.

The beneficiary is a 28-year-old native and citizen of China. In April of 1964, he entered the United States as a lawful permanent resident having been issued a visa as the immediate relative child of a United States citizen, as defined in section 101(b)(1)(F) of the Act, 8 U.S.C. 1101(b)(1)(F). In the latter part of 1964 the beneficiary returned to Hong Kong, where he had been residing prior to his entry to the United States. He remained there until 1970 when he travelled to Canada to attend school. In 1971 the beneficiary returned to the United States on a nonimmigrant student visa, which was valid for multiple entries into the United States.

On August 11, 1976, the petitioner submitted an application to confer preference status on the beneficiary as his unmarried son under section 203(a)(1) of the Act. The District Director denied the petition on July 27,

1977, finding that because the petitioner never adopted the beneficiary, and since the beneficiary had abandoned his status as a lawful permanent resident when he returned to Hong Kong for an extended time, the relationship between the petitioner and the beneficiary did not come within the purview of section 203(a)(1) of the Act.

On appeal, the petitioner argues both that the beneficiary never abandonded his status, and therefore is a lawful permanent resident returning from a temporary visit abroad, as defined in section 101(a)(1)(27); and that since the beneficiary once qualified as his "child" under the Act, when he reached the age of 21 years, he became entitled to preference status as his "unmarried son" under section 203(a)(1) of the Act.

The petitioner contends on appeal, that this Board has jurisdiction to consider the question of whether the beneficiary has retained his lawful permanent resident status and therefore is entitled to enter the United States as a special immigrant pursuant to section 101(a)(27)(A) of the Act. Although it appears from the record before us that the beneficiary may have abandoned his status as a lawful permanent resident, we do not believe that we have jurisdiction to consider this question in these proceedings.

This Board recently held in *Matter of Anselmo*, Interim Decision 2568 (BIA 1977), that even though the beneficiary in that case was a lawful permanent resident of the United States, we could consider a visa petition filed on her behalf, because of her apparent deportable status. We stated that since an applicant for preference status is not eligible for adjustment of status unless he or she is the beneficiary of a valid approved unexpired visa petition, we have jurisdiction to consider such a petition. See *Matter of Calilao*, Interim Decision 2555 (BIA 1977).

The petitioner based his argument that the beneficiary is entitled to preference status as his "son" on the fact that since the beneficiary was once classified as the petitioner's "child" within the meaning of section 101(b)(1)(F), the relationship continues to exist, see 8 C.F.R. 204.4(a), and therefore when the beneficiary turned 21 years old, his status was automatically converted to that of an unmarried son, and he became entitled to preference status under section 203(a)(1). 8 C.F.R. 204.5(b).

At the time the beneficiary entered the United States in 1964 he had been accorded preference status as an "eligible orphan," who was entering the United States to be adopted by the petitioner and his wife. Section 101(b)(1)(F) of the Act provides that the definition of child for immigration purposes shall include an "eligible orphan," which is defined as:

(F) a child, under the age of fourteen at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 201(b), who is an orphan because of the death of disappearance of, abandonment or desertion by, or separation or loss

from, both parents, or for whom the sole or surviving parent is incapable of providing the proper care which will be provided the child if admitted to the United States and who has in writing irrevocably released the child for emigration and adoption; who has been adopted abroad by a United States citizen and his spouse who personally saw and observed the child prior to or during the adoption proceedings; or who is coming to the United States for adoption by a United States citizen and spouse who have complied with the preadoption requirements, if any, of the child's proposed residence: *Provided, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.*

In the present case, however, no adoption occurred, and the beneficiary left the United States in the same year in which he had entered and did not return until the middle of 1971, when he reentered the United States with a nonimmigrant student visa.

It is clear from that Act, that it was intended that any "eligible orphan" who entered the United States prior to having been adopted, would be adopted as soon as possible, since the Act requires that all preadoption requirements of the state where the United States citizen petitioner resides, must have been met before the child will be allowed to enter this country. In addition, the language of the further proviso, which denies benefits to natural parents, clearly indicates the Congressional intent that there shall be an adoption, in order for immigration benefits as a "child" to accrue.

We have held in the past that in order for an alien beneficiary to qualify as the "son" or "daughter" of a petitioner, the beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Act. *Matter of Coker*, 14 I. & N. Dec. 521 (BIA 1974); *Matter of Pagnerre*, 13 I. & N. Dec. 688 (BIA 1971). While it is true that the beneficiary in this case was admitted as the petitioner's "child," we do not believe that the beneficiary can now be said to qualify as his "son" within the meaning of the Act. The purpose for providing special status to close relatives of citizens and lawful permanent residents of the United States is to preserve family units. Even though the beneficiary was admitted as the petitioner's "child" as an "eligible orphan," the relationship was never consummated by the adoption of the beneficiary, and therefore the familial relationship was not established.

Consequently, we agree with the District Director that the petition should be denied and we will accordingly dismiss the appeal.

ORDER: The appeal is dismissed.