MATTER OF GARCIA

In Visa Petition Proceedings

A-26285801

*Decided by Board September 9, 1986*

(1) In order to accord preference status to the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982), a petitioner must establish that the beneficiary qualified as his "child" within the meaning of section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1982).

(2) Under the New Jersey Parentage Act, effective May 21, 1983, all children and parents have equal rights with respect to each other regardless of the marital status of the parents. N.J. Stat. Ann. §§ 9:17-38 to –59 (West 1983). *Matter of Clarke*, 18 I&N Dec. 369 (BIA 1983), modified.

(3) To qualify as a legitimated "child" under section 101(b)(1)(C) of the Act, a beneficiary must be under 21 years of age and must have been legitimated before reaching the age of 18 years.

(4) Where the petitioner seeks to establish that the beneficiary was legitimated under the New Jersey Parentage Act within the meaning of section 101(b)(1)(C) of the Act, he must prove that he had a residence or domicile in New Jersey prior to the beneficiary's 18th birthday.

ON BEHALF OF PETITIONER:
Hedi Framm Montesinos, Esquire
2447 Mission Street
San Francisco, California 94104

ON BEHALF OF SERVICE:
Edward Weiss
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). In a decision dated June 10, 1986, the Regional Adjudication Center ("RAC") director denied the petition but certified his decision to the Board for review. The record will be remanded for further proceedings.

The beneficiary is a 20-year-old native and citizen of El Salvador who was born out of wedlock on June 1, 1966. The petitioner is a

57-year-old native and citizen of El Salvador who became a lawful permanent resident of the United States on June 9, 1980. He now resides in New Jersey. The petitioner filed a visa petition on behalf of the beneficiary on March 16, 1986.

A birth certificate submitted with the visa petition reflects that the beneficiary is the natural son of the petitioner. The record further reflects that the beneficiary's natural parents never legally married.

The RAC director noted in his decision that the Board has held that under the law of El Salvador, the beneficiary's legal residence and domicile, a child must be acknowledged and the natural parents must marry in order for the child to be legitimated by operation of law. *See Matter of Ramirez*, 16 I&N Dec. 222 (BIA 1977). The RAC director further noted that the Board held in *Matter of Clarke*, 18 I&N Dec. 369 (BIA 1983), that under the law of New Jersey, the petitioner's legal residence and domicile and the state where the visa petition was filed, the subsequent marriage of the child's natural parents was necessary for legitimation to take place. The RAC director correctly stated, however, that subsequent to the Board's decision in *Matter of Clarke, supra*, the State of New Jersey repealed the sections relied upon in that decision and adopted the Uniform Parentage Act, effective May 21, 1983. The RAC director denied the visa petition, noting that he was bound by the Board's precedent decision in this matter, but certified the case for our review for a determination on the effect of the change of law in New Jersey.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). In order to qualify as the petitioner's son, the beneficiary must at one time have been the petitioner's child within the definition of section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1982). *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974).

Under section 101(b)(1) of the Act, a person may qualify as a "child" within the context of the immigration laws only where the parent-child relationship exists by reason of any of the circumstances set forth in section 101(b)(1). The term "child," as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or legitimated in accordance with section 101(b)(1)(C) of the Act, which includes within its provisions:

a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years

and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

In the present case, the beneficiary was born out of wedlock. Therefore, it must be established that he was either deemed legitimate or legitimated under the law of El Salvador or New Jersey. In *Matter of Clarke, supra,* we referred to sections 9:15-1 and 9:15-2 of the New Jersey Statutes Annotated and found that legitimation of a child born out of wedlock required the marriage of the child's natural parents. However, these sections were repealed and the New Jersey Parentage Act was subsequently invoked on May 21, 1983. The New Jersey Parentage Act of 1983 reflects that, regardless of the marital status of the parents, all children and parents have equal rights with respect to each other. *See* N.J. Stat. Ann. §§ 9:17-38 to -59 (West 1983). Accordingly, our decision in *Matter of Clarke, supra,* is modified insofar as it applies to New Jersey legitimation law. Hence, we now hold that a child who was born in New Jersey on or after May 21, 1983, or who was under 18 years of age on that date may be included within the definition of a legitimate or legitimated "child" as set forth in section 101(b)(1) of the Act. We emphasize that our holding is retroactive only insofar as it applies to a child who was under 18 years of age on May 21, 1983. We note that when the New Jersey Parentage Act was enacted on May 21, 1983, the beneficiary was 16 years old. Thus, the act of eliminating all legal distinctions between legitimate and illegitimate children had occurred before the beneficiary had reached the age of 18 years. *See Matter of Cortez,* 16 I&N Dec. 289 (BIA 1977); *Matter of Obando,* 16 I&N Dec. 278 (BIA 1977). However, although the petitioner was clearly residing in New Jersey at the time he filed the visa petition in March of 1986, we are not satisfied from our review of the record that he has established his residence or domicile in New Jersey prior to the beneficiary's 18th birthday. Therefore, we will remand the record to the RAC director to determine whether the petitioner was a resident or domiciliary of New Jersey *after* May 21, 1983 (the date the New Jersey Parentage Act was enacted), but *before* June 1, 1984 (the date the beneficiary turned 18 years of age). Thereafter, the RAC director will enter a new decision based on the record. Accordingly, the record will be remanded for further proceedings.

ORDER: The record is remanded for further proceedings and the entry of a new decision.