MATTER OF C—

In VISA PETITION Proceedings

A-11760526

*Decided by Board April 21, 1961*

**Illegitimate child—Portugal—Mere acknowledgment by natural father insufficient to constitute legitimation or adoption.**

(1) Under Portuguese law "perfilhacao" or acknowledgment of a child born out of wedlock unaccompanied by the marriage of the natural parents does not result in legitimation (*Matter of F—*, 7—448). Nor does it constitute the equivalent of legal adoption which is no longer authorized in Portugal (cf. *Matter of P—*, 8—527).

(2) Massachusetts adoption decree obtained by petitioner (natural father) for 17-year-old illegitimate son fails to qualify latter as "child" within meaning of section 101(b)(1)(E) of 1952 Act in view of requirement that adoption must take place while child is under the age of 14.

## BEFORE THE BOARD

**DISCUSSION:** The petitioner, a native of Portugal, a naturalized citizen of the United States, 66 years old, male, has filed a petition to classify the status of the beneficiary for issuance of a non-quota or preference quota visa. The beneficiary, a native and citizen of Portugal, 18 years old, male, is alleged to be the adopted son of the petitioner. The visa petition was denied by the District Director, Boston District, by order dated April 1, 1960, for the reason that the petitioner adopted his son on January 8, 1960, when he was 17 years of age; that since he was not adopted while under the age of 14 years, he did not qualify as a "child" under section 101(b)(1)(E) of the Immigration and Nationality Act; that since he has not been legitimated, the beneficiary does not qualify as a "child" under section 101(b)(1)(C) of the Act. We originally considered this appeal from the order of denial on May 26, 1960, and in view of certain contentions raised by counsel, the case was remanded for the introduction into evidence of a purported 1955 Portuguese adoption decree; for the record to reflect whether the beneficiary thereafter resided with the adoptive father; and that consideration should be given to the question of whether there was such an adoption as to qualify the beneficiary as an adopted child; alternatively, it was directed that consideration should be given

to the question of whether the petitioner's Massachusetts adoption of the beneficiary resulted in the latter's legitimation under the laws of that jurisdiction or rendered it possible for him to be legitimated thereunder prior to attaining the age of 18 years on July 4, 1960.

The case is before us from the order of the District Director, Boston District, entered January 3, 1961, in which the petition was again denied for the reason that it has not been established that the beneficiary can qualify as a child of the petitioner under any of the provisions of section 101(b)(1) of the Immigration and Nationality Act and is, therefore, not entitled to nonquota status under the provisions of section 101(a)(27)(A) of the same Act. The denial is accompanied by a comprehensive memorandum of decision reflecting consideration and application of the law of Portugal and of the law of Massachusetts in determining the beneficiary's status. We deem it appropriate to summarize the facts and restate the reasons for denial of the visa petition.

The record establishes that the beneficiary is the natural son of the petitioner and was born out of wedlock in Portugal on July 4, 1942. The petitioner and the mother of the beneficiary never subsequently intermarried. The birth certificate of the beneficiary contains a notation thereon that the petitioner recognized the beneficiary as his son on August 4, 1955, in accordance with a procedure known as *perfilhacao*, and the testimony of the petitioner is confirmatory. The only other legal step taken by the petitioner with regard to the beneficiary was the adoption of the beneficiary by the petitioner by decree of the Probate Court, Bristol County, New Bedford, Massachusetts, on January 8, 1960, when the beneficiary was over 17 years of age.

The memorandum decision of the District Director contains extracts of the provisions of the Civil Code of Portugal as well as extracts from legal authorities in Portugal relating to legitimation, adoption and *perfilhacao* (acknowledgment or recognition). Under Article 119 of the Portuguese Civil Code, a child born out of wedlock may be legitimated by the intermarriage of the parents (1) if said children are acknowledged *(perfilhado)* by the parents in the marriage record; or a record of acknowledgment is made in the birth certificate of the child, or in a will or public (notarial) document, either prior or subsequent to the marriage; or (2) if the children can prove their filiation through a judicial action and judgment. The effects of legitimation commence, in any case, from the date of the marriage. Since there has been no intermarriage of the natural parents of the beneficiary, it follows that mere acknowledgment without such marriage does not result in the legitimation of the beneficiary (*Matter of F—, 7—448*).

243

The memorandum of decision sets forth information supplied by the Foreign Law Section of the Library of Congress regarding the effect of *perfilhacao* or acknowledgment. Our order in *Matter of F—*, *supra*, sets forth the pertinent provisions of the Portuguese Civil Code regarding legitimation and filiation. Article 122 covers the details of acknowledgment and, in summary, provides that even adulterine offspring may under certain circumstances be acknowledged in either a "secret" record in the Civil Register or openly with permission of the wife who is not the mother, and this gives the child testamentary rights and some status. Even legitimation may be possible if the marriage with the other party is dissolved and *intermarriage of the parents* takes place. Only incestuous children are denied the benefits of acknowledgment. *Perfilhacao*, often erroneously translated by the layman as "adoption", is defined as signifying voluntary acknowledgment of a child, that is, an express declaration made by a man or woman to the effect that a certain individual is his or her child. Judicial *perfilhacao* is filiation decreed by court judgment. The process of *perfilhacao*, unaccompanied by a marriage entered into by the parents after the birth, carries certain rights for the child, but is not equal to legitimation rights.

It, therefore, appears that the *perfilhacao* or acknowledgment of a child in Portugal on August 4, 1955, without the intermarriage of the natural parents, did not constitute a legitimation of the beneficiary but merely gave him a status of a recognized child which carried with it certain rights of inheritance and support. Nor does *perfilhacao* or acknowledgment constitute adoption under Portuguese law. The memorandum of law supplied by the Library of Congress indicates that at present there is no adoption procedure available in Portugal.[1] The status of filiation through acknowledgment or *perfilhacao* can no longer be equated with adoption.[2]

Evidence has been submitted that the beneficiary was adopted by the petitioner by decree of the Probate Court, Bristol County, New Bedford, Massachusetts, on January 8, 1960. The beneficiary was then 17 years of age and this adoption fails to meet the requirement of section 101(b)(1)(E) that for immigration purposes a child must be adopted while under the age of 14 years. Chapter 190, section 7, of the Massachusetts General Laws provides that an illegitimate child whose parents have intermarried and whose father has acknowledged him as his child shall be deemed legitimate to the same extent as if born in lawful wedlock. This provision of Massa-

---

[1] Reference is made in the memorandum to a work by Dr. Goncalves, *Direitos de familia e direitos das sucessoes*, Lisbon, 1955, p. 296, which mentions that the Civil Code entirely abolished adoption and that its practice, through mere sentiment, does not produce legal effects inherent to filiation.

[2] *Matter of P—*, 8—537.

chusetts law is similar to the provision of Portuguese law in that in each case intermarriage of the natural parents is required.[3]

The conclusion is, therefore, reached that the beneficiary, the illegitimate child of the petitioner, has never been legitimated under Portuguese nor Massachusetts law; that he has never been adopted under Portuguese law; and that he does not qualify as a child because when he was adopted in Massachusetts he was over the age of 14 years. He, therefore, does not qualify as a child for immigration purposes and is not eligible for either nonquota or preference quota status. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[3] In the case of *Lopez* v. *Downey*, 334 Mass. 161, 134 N.E.2d 131 (1956), in which the claimants set forth that through their affiliation or acknowledgment (*perfilhacao*) by their father in Portugal they acquired inheritance rights in Massachusetts as legitimate children of the deceased, the court stated that there was a great difference between a statute which enabled a natural child, when recognized by his parents, to inherit as a recognized natural child and a statute which legitimizes such a child; that the former is limited to controlling the inheritance of property in that country and has no extraterritorial effect upon the devolution of property located in Massachusetts.