M. RITA MacINTYRE vs. DONALD J. CREGG.

Essex.    December 8, 1965. — December 30, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Legitimacy.    Birth Record.*

A child born illegitimate whose parents later intermarried and whose
    father acknowledged him as his child became legitimate under G. L.
    c. 190, § 7, notwithstanding the fact that the original certificate of his
    birth was not amended in compliance with the provision of c. 46, § 13,
    as amended by St. 1930, c. 169, that the birth record of such a person
    "shall" be amended so as to read as if he had been born in lawful
    wedlock.

TWO PETITIONS filed in the Probate Court for the county
of Essex on December 11, 1963, and January 16, 1964,
respectively.

M. Rita MacIntyre appealed from decrees entered by
*Phelan, J.*

*Leo M. Finen* for M. Rita MacIntyre.

*Donald J. Cregg,* pro se.

WILKINS, C.J.    These are appeals by M. Rita MacIntyre
from two decrees of the Probate Court for the county of
Essex, one allowing the petition of Donald J. Cregg to be
appointed administrator of the estate of Charles R. Hilton,
late of Haverhill, who died on December 8, 1963, and the
other dismissing her petition for appointment as admin-
istratrix.    The deceased was born on November 1, 1894,
the illegitimate son of Charles A. Hilton and Pamela A.
MacIntyre, who were later married to each other on Au-
gust 29, 1899.    The father acknowledged the deceased as
his child.

Under G. L. c. 190, § 7, as amended through St. 1943,
c. 72, § 1, "An illegitimate child whose parents have inter-
married and whose father has acknowledged him as his
child . . . shall be deemed legitimate and shall be en-

titled to take the name of his parents to the same extent as if born in lawful wedlock." *Houghton* v. *Dickinson,* 196 Mass. 389, 391–392. *Adoption of a Minor,* 338 Mass. 635, 641. The appellant, however, contends that the deceased did not become legitimate and that administration should be granted to one claiming through the deceased's mother. See G. L. (Ter. Ed.) c. 190, § 6; G. L. (Ter. Ed.) c. 193, § 1. She relies upon G. L. c. 46, § 13, which provides in part, "If a person shall have acquired the status of a legitimate child by the intermarriage of his parents and the acknowledgment of his father . . . as provided in section seven of chapter one hundred and ninety, the record of his birth shall be amended or supplemented as hereinafter provided so as to read, in all respects, as if such person had been reported for record as born to such parents in lawful wedlock." No amendment of the original certificate of birth was made. But contrary to the appellant's contention, the making of an amendment is not essential to the efficacy of the mandate of G. L. c. 190, § 7.

The appellant relies upon the amendment of G. L. c. 46, § 13 (as amended through St. 1925, c. 281, § 2), by St. 1930, c. 169, whereby the phrase "the record of . . . birth may be amended" was changed to "shall be amended." Not only would the acceptance of this argument constitute a repudiation of the statutory purpose to advance the position of the illegitimate child, but its acceptance would run counter to the precise language of the first part of the sentence which flatly recognizes that the status of legitimacy has been acquired by intermarriage of the parents and the acknowledgment of paternity by the father.

*Decrees affirmed.*