MATTER OF REMY

In Visa Petition Proceedings

A-19513598

*Decided by Board July 25, 1972*

Under the law of Haiti, the legitimation of a child born out of wedlock requires the subsequent marriage of the parents.

ON BEHALF OF PETITIONER: Milton B. Schaffer, Esquire
50 Court Street, Suite 1105
Brooklyn, New York 11201
(Brief filed)

This matter comes forward on appeal from the order of the District Director, New York District, dated April 4, 1972 denying the petition filed to accord the beneficiary immediate relative status as the child of a United States citizen. The District Director concluded that the petitioner failed to establish that he married the beneficiary's mother or otherwise legitimated the beneficiary in accordance with the provisions of section 101(b)(1)(C). The appeal will be dismissed.

The petitioner is a 45-year-old male, a native of Haiti, who became a United States citizen through naturalization on March 4, 1969. He concedes he never married the beneficiary's mother. He seeks immediate relative status on behalf of the beneficiary as his daughter. The beneficiary is a native and citizen of Haiti born on September 14, 1953. She is the illegitimate daughter of the petitioner by Constance Chalvannes.

On appeal the petitioner submitted a document bearing the seal of the Consulate General of Haiti in New York City. It is signed by the consul and is dated April 17, 1972. The document recites the following: (1) that the beneficiary was born at Port-au-Prince, Haiti to Constance Chalvannes on September 27, 1953; (2) that the petitioner alleges that the beneficiary is his daughter; (3) that the beneficiary assumed the petitioner's surname at birth; (4) that the petitioner has supported the beneficiary and had maintained a home for her in Port-au-Prince until 1961 at which time he emigrated to the United States; (5) that since his arrival in the

United States, he has contributed towards the beneficiary's support and maintenance; and (6) that he has at all times acknowledged the beneficiary as his daughter. This document asserts that "The foregoing acts constitute a legitimation of the child Bernadette Remy by her father Salnave Remy under the laws of Haiti." The issue, therefore, is whether the alleged legitimation constitutes a valid legitimation for immigration purposes. We disagree with the petitioner's contention that the beneficiary has been legitimated under the laws of Haiti.

Article 302 of Civil Code of Haiti, as amended by Decree Law 466 of December 22, 1944 (*Le Moniteur*, December 25, 1944), provides:

Children born out of marriage, regardless if they are incestuous or adulterous, are legitimated by the subsequent marriage of their father and mother, provided they are acknowledged before the marriage or during the act of marriage. ...

Legitimation shall be recorded at the margin of the birth registration of the legitimated child. ...

Article 304 of the Code provides that:

Children legitimated by the subsequent marriage [of their parents] have the same rights as if they were born in marriage.

We conclude that under the laws of Haiti, the legitimation of the beneficiary required the marriage of the petitioner and the beneficiary's mother. We, therefore, affirm the District Director's order.

**ORDER:** The appeal is dismissed.