MATTER OF KUBICKA

In Visa Petition Proceedings

A-20365987

*Decided by Board October 20, 1972*

Under the law of Poland, a child born in that country of a bigamous marriage was legitimated by the act of recognition of the child by the father in a report of the child's birth to the Civil Registry Office.

This is an appeal from a decision of a district director which denies a visa petition filed on behalf of the petitioner's 22-year-old married daughter. The district director based his denial of the petition on the following grounds: "The facts presented disclose you were never married to the beneficiary's mother in that you did not terminate your first marriage until January 27, 1963, seventeen years after the birth of the beneficiary to your second wife and you have not thereafter entered into a legal marriage with the mother of the beneficiary."

The documents submitted in support of the petition reveal the following facts: The petitioner and the beneficiary's mother were married on June 16, 1945. At that time, a prior marriage entered into by the petitioner was still in existence. The beneficiary's mother was not aware of the fact that the petitioner was already validly married. The beneficiary was born as issue of that bigamous marriage on June 17, 1950. The marriage was annulled on July 5, 1962. The prior marriage of the petitioner was terminated by a divorce decree, on January 4, 1963. All those events took place in Poland where the petitioner, the beneficiary's mother, and the beneficiary resided.

The law of Poland has enlarged the rights of children born out of wedlock. The constitution of the Polish People's Republic provides in Article 67 that, "The birth of a child out of wedlock does not reduce its public rights." Like previous enactments, the latest Polish Family Code ("Kodeks Rodzinny") which became effective on January 1, 1965, contains detailed provisions for the acknowledgment or repudiation of paternity, in Articles 62 through 86. Recognition, whether voluntary or enforced, of a child born out of

303

wedlock, in conformity with the provisions of the Polish Family Code, results in the child's legitimation. We recognized the effect of a natural father's acknowledgment of a child as his own, under Polish law, in *Matter of K—*, 8 I. & N. Dec. 73 (BIA, 1958).

The matter before us does not involve the ordinary situation in which a man. has recognized paternity. Here the beneficiary's mother and the petitioner had entered into a ceremonial marriage which, on its face, appeared to be valid. As the Polish District Court which annulled that marriage on July 5, 1962, pointed out, only the petitioner knew that the marriage was bigamous. On June 27, 1950, he reported the beneficiary's birth to the Civil Registry Office in Lodz, Poland, under No. 4681/50, as the birth of a child born as issue of his marriage to the beneficiary's mother. We are satisifed that his act, never repudiated, resulted in the beneficiary's legitimation, in conformity with the applicable Polish law.

In *Matter of K—*, *supra*, we concluded "that the beneficiary in the instant case should be regarded as a legitimate or legitimated child of the petitioner." A "legitimate" child is, of course, a child "born in wedlock" (Webster's New International Dictionary, 1971). The distinction between the birth of a child in wedlock and the birth of a child out of wedlock is recognized in the provisions of Article 67 of the constitution of the Polish People's Republic which was quoted above. We, therefore, state, and should more correctly have stated in *Matter of K—*, above, that a child born out of wedlock recognized by the father as his own, in accordance with the law of Poland, becomes the father's "legitimated" child, rather than his "legitimate" child.

The petitioner has submitted a marriage certificate which shows that the beneficiary entered into a marriage with Jan Kubicka on February 6, 1971. Thus we shall approve the petition for status of the beneficiary as the married daughter of a citizen of the United States under section 203(a)(4) of the Immigration and Nationality Act.

ORDER: The petition is approved for status under section 203(a)(4) of the Immigration and Nationality Act.