MATTER OF HERNANDEZ

In Visa Petition Proceedings

A-21134950

*Decided by Board June 21, 1979*

(1) Under Article 86 of the 1965 Constitution of Guatemala, all children are equal before the law and have identical rights.

(2) Article 209 of the Civil Code of Guatemala provides that children born out of wedlock have the same rights as those born in wedlock.

(3) Article 211 of the Civil Code of Guatemala provides that acknowledgment of children may be effected in the birth records by virtue of a personal appearance by a parent before the official of the Civil Registry.

(4) When the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that country's laws are changed. *Lau v. Kiley*, 563 F.2d 543 (2 Cir. 1977); *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1979).

ON BEHALF OF PETITIONER:  Carlos B. Fernandez, Esquire
700 S.W. 22 Avenue
Miami, Florida 33135

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

On January 8, 1979, the Acting District Director denied the visa petition filed by the petitioner on behalf of the beneficiary as his daughter under the provisions of section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The petitioner appeals from that decision. The appeal will be sustained and the visa petition approved.

The petitioner is a native and citizen of Guatemala who was admitted as a lawful permanent resident of the United States on July 20, 1975. The beneficiary is also a native and citizen of Guatemala who was born out of wedlock to the petitioner and a woman named Gloria Mazariegos Alvarez in Guatemala City, Guatemala, on January 8, 1974. According to the beneficiary's birth certificate, the petitioner registered the beneficiary's birth with the Civil Registrar for Guatemala City following her birth.

The Acting District Director denied the visa petition ruling that the beneficiary was not entitled to preference immigration status because she was never legitimated. The petitioner countered the Acting District Director's conclusion by stating that under Articles 209 and 211, Fifth Chapter of the Civil Code of Guatemala, the beneficiary is deemed to be legitimate.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The applicable statute is section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1), and its pertinent subsections are (A) and (C), which provide:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a legitimate child; or
>
> . . .
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) normally refers to a child born in wedlock. *See Matter of James,* 15 I&N Dec. 544 (BIA 1975); *Matter of Dela Rosa,* 14 I&N Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I&N Dec. 303 (BIA 1972). However, when the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate or legitimated offspring of their natural father from the time that country's laws are changed. *See Chin Lau v. Kiley,* 563 F.2d 543 (2 Cir. 1977); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978). The test we have applied for preference immigration purposes is equality of filial rights when compared with those of children born in wedlock. *Compare Matter of Sanchez, supra,* with *Matter of Clahar,* 16 I&N Dec. 484 (BIA 1978); *Matter of Reyes,* 16 I&N Dec. 475 (BIA 1978).

Our research of Guatemalan law leads us to conclude that under Article 86 of the 1965 Constitution of Guatemala[1] presently in force, all children are equal before the law and have identical rights. The 1965 Constitution followed the previous Guatemalan Constitutions of 1945[2] and 1956,[3] which had specifically abolished all legal differences between children regardless of whether or not they have been born

---

[1] Constitution of the Republic of Guatemala, 1965 [Pan American Union, Washington, D.C., 1966 (English Version)].

[2] Constitution of March 13, 1945, Article 74.

[3] Constitution of February 6, 1956, Article 90.

out of wedlock.

Article 209 of the Civil Code of Guatemala, adopted pursuant to Decree-Law 106 of September 14, 1963, provides that "children born out of wedlock have the same rights as those born in wedlock. . . ." Article 211 further provides that acknowledgment of children may be effected in the birth records by virtue of a personal appearance by the parent before the officials of the Civil Registry.

In view of the Guatemalan law before us and the beneficiary's birth certificate, we conclude that the petitioner has met his burden of proving that he is entitled to the immigration benefits sought. *Matter of Brantigan, supra.* The 1965 Constitution was in effect when the beneficiary was born on January 8, 1974, in Guatemala. Her birth was acknowledged by her petitioning father before the Civil Registrar of Guatemala City. Therefore, the beneficiary qualifies for preference immigration purposes as the "child" of her lawful permanent resident father as defined in section 101(b)(1) of the Act because she was legitimate at birth under Guatemalan law. Accordingly, the appeal will be sustained and the visa petition approved.

ORDER: The appeal is sustained, and the visa petition is approved.

## APPENDIX A

Constitution of the Republic of Guatemala, 1965.

*Art. 86* [par. 2]. All children are equal before the law and have identical rights.

Civil Code of Guatemala, July 1, 1964.

*Art. 209.* Children born out of wedlock have the same rights as those born in wedlock; this notwithstanding, in order that they be allowed to live in the conjugal home, express consent of the other spouse must be granted.

. . .

*Art. 211.* Voluntary acknowledgment [of children] may be effected:
1) in the birth records, by virtue of personal appearance before the Official of the Civil Registry.