MATTER OF PAVLOVIC

In Visa Petition Proceedings

A-23340106

*Decided by Board June 23, 1980*

(1) Under Article 58 of the Yugoslavian Constitution, children born out of wedlock are considered equal to those born in wedlock with respect to the rights and duties of the parents toward them, and the terms legitimate and illegitimate are no longer used in domestic relations legislation.

(2) The beneficiary, born out of wedlock in Yugoslavia in 1960, is deemed legitimate at birth.

(3) Under the Law of Yugoslavia, acknowledgment is not necessary to effect legitimation but does help to establish the identity of the parent. *Matter of Jancar*, 11 I&N Dec. 365 (BIA 1965), is overruled insofar as it holds that acknowledgment is part of legitimation.

ON BEHALF OF PETITIONER:
  Pro se

ON BEHALF OF SERVICE:
  Jim Tom Haynes
  Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members.


The lawful permanent resident petitioner applied for preference status for the beneficiary as his unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153 (a)(2). In a decision dated December 3, 1979, the District Director denied the petition on the ground that the petitioner had never legitimated the beneficiary and, consequently, the beneficiary was not entitled to any status under the immigration laws. The petitioner has appealed. The visa petition will be granted.

The petitioner is a 59-year-old native of Yugoslavia and lawful permanent resident of the United States. The beneficiary is a 19-year-old native and citizen of Yugoslavia.

On April 12, 1979, the petitioner filed a visa petition on behalf of the beneficiary. In support of his petition, he submitted a number of affidavits declaring that the beneficiary is his natural daughter. A certificate from an elementary school in Belgrade lists the petitioner as the beneficiary's father. The beneficiary's birth certificate, however,

fails to list a natural father.

On appeal, the petitioner contends that he is, in fact, the beneficiary's father and, accordingly, she should be granted lawful permanent residence.

At oral argument, the petitioner submitted a statement from Maria Nikolic, the petitioner's estranged wife, stating that the beneficiary is the petitioner's daughter. The petitioner explained that the beneficiary would visit him and his wife, Maria, in Paris before they moved to New York and the beneficiary came to live there permanently. He also submitted a certificate executed before the Municipality Secretary Office for General Law and Municipal Affairs in Cacak, on December 12, 1979, stating that he had lived illegitimately with the beneficiary's mother, now deceased, and "from that illegimated (sic) marriage they have a illegimated (sic) daughter Dusica Pavlovic." The petitioner contended that his daughter is the beneficiary of property in Florida and the sole beneficiary under his life insurance policy. On March 19, 1980, we received a copy of the petitioner's Last Will and Testament, executed in March 1980, naming Dusica Pavlovic as the beneficiary of all Aleksandar Nikolic's possessions.

The Service submitted a copy of the Yugoslavian Civil Law on History, Family, and Property in effect during November 1960, the beneficiary's birthdate. The Service agreed that the law tended to extinguish the distinction between legitimate and illegitimate children. It conceded that the Board could either grant the petition if it found that the petitioner had executed a public document prior to the beneficiary's eighteenth birthday, or remand for such a determination. We disagree with the Service's basic premise; that is, that an act of acknowledgment must have occurred prior to the beneficiary's eighteenth birthday.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The applicable statute is section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1), and its pertinent subsections are (A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—
(A) a legitimate child; or

...

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation; ...

The term "legitimate", as used in section 101(b)(1)(A) of the Act, normally refers to a child born in wedlock. *See Matter of James*, 15 I&N Dec. 544 (BIA 1975); *Matter of Dela Rosa*, 14 I&N Dec. 728 (BIA 1974);

*Matter of Kubicka,* 14 I&N Dec. 303 (BIA 1972). However, when the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that country's laws are changed. *See Chin Lau* v. *Kiley,* 563 F.2d 543 (2 Cir. 1977); *Matter of Hernandez,* Interim Decision 2712 (BIA 1979); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978).

In *Matter of Jancar,* 11 I&N Dec. 365 (BIA 1965), we found that under the law of Yugoslavia, an illegitimate child may be legitimated by acknowledgment of the natural father. In that case, the petitioner signed a statement that he was the beneficiary's father. A notation of this act was made on the beneficiary's birth certificate. We held, however, that the beneficiary was a "child" within the meaning of section 101(b)(1)(A) or (C) of the Act. We hold today that such a child is legitimate at birth under subsection (A), not legitimated later under subsection (C) by acknowledgment.

Under Article 58 of the Yugoslavian Constitution, children born out of wedlock are considered equal to those born in wedlock with respect to the rights and duties of the parents toward them, and the terms legitimate and illegitimate are no longer used in domestic relations legislation. All children, therefore, are legitimate at birth. In order for a child born out of wedlock to realize his or her rights, his or her extramarital paternity must be established. This person, who admits that he is the father of the child born out of wedlock, is considered the father through an act of acknowledgment.[1] Acknowledgment can be accomplished before a registrar, in a public document, or in a will.[2] This act of acknowledgment of paternity has retroactive effect and is effective with respect to everyone. It is of a declaratory nature, not a constitutive act; the child is already legitimate. Acknowledgment serves to establish the identity of the parent.

This act of acknowledgment, establishing paternity, is separate and apart from an act of legitimation as defined in section 101(b)(1)(C) of the Act. Insofar as *Matter of Jancar, id.,* states the contrary, it is hereby overruled.

ORDER: The appeal is sustained and the visa petition approved.

---

[1] A.G. Chloros, *Yugoslav Civil Law,* p. 234 (Oxford, 1970), Article 3, *Fundamental Law on Relationship Between Parents and Children,* Article 58, *Constitution of the Socialist Federal Republic of Yugoslavia of 1963.*

[2] A.G. Chloros, *Yugoslav Civil Law,* p. 235 (Oxford, 1970), Article 24, *Establishment of Paternity.*