MATTER OF RICHARD

In Visa Petition Proceedings

A-22677182

*Decided by Board February 9, 1982*

(1) Under the Civil Code of Haiti, as amended by the 1959 Presidential Decree, children born out of wedlock after January 27, 1959, and acknowledged by their natural father have the same rights and obligations as legitimate children.

(2) Where the beneficiary, a native and resident of Haiti, was born out of wedlock in 1969 and acknowledged by the natural father in 1977, prior to his eighteenth birthday, he is deemed a legitimate child for immigration purposes under section 101(b)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(A). *Matter of Remy*, 14 I&N Dec. 183 (BIA 1972) overruled.

ON BEHALF OF PETITIONER:
    Pro se

ON BEHALF OF SERVICE:
    Gerald S. Hurwitz
    Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

The petitioner appeals from a decision of the District Director dated May 11, 1981, denying a visa petition filed on behalf of the beneficiary as the petitioner's unmarried son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). On December 30, 1981, the Board entered a decision in this case remanding the proceedings to the District Director. That decision will be reconsidered on our own motion. Our December 30, 1981, decision will be vacated and the following decision entered.

The petitioner is a 37-year-old native of Haiti and lawful permanent resident of the United States. The beneficiary is a 12-year-old male native and citizen of Haiti who was apparently born out of wedlock to the petitioner and a woman he never married. Documents offered by the petitioner reflect that the beneficiary was formally acknowledged by the petitioner as his child before an official of the Civil Registry of the municipality of Duvalierville, Haiti, on December 30, 1977. The District Director denied the petition on the ground that the beneficiary was born out of wedlock and had never been legitimated. The petitioner appealed from this decision.

In order to qualify as a "son" for immigration purposes, the beneficiary must once have qualified as the "child" of the petitioner under section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974). The pertinent parts of section 101(b)(1) provide:

The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

(B) . . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

In the present case the beneficiary was born out of wedlock. Accordingly, it must be established that he is either deemed legitimate or legitimated under the law of Haiti or Illinois.

Under the law of Illinois, the petitioner's place of residence, the natural parents must marry in order to legitimate the child. Thus, the beneficiary has not been legitimated under the law of that state.

In *Matter of Remy*, 14 I&N Dec. 183 (BIA 1972), we held that under the law of Haiti, the legitimation of a child born out of wedlock requires the subsequent marriage of the child's natural parents, as well as acknowledgment of the child prior or during the act of marriage.[1] We predicated such holding on Article 302 of the Civil Code of Haiti, as amended by Decree Law 466 of December 22, 1944. Subsequently, in *Matter of Levy*, 17 I&N Dec. 539 (BIA 1980), the Board noted a Presidential Decree adopted in Haiti on January 27, 1959 which provides in pertinent part:

*Article 1.* Natural filiation shall give rise to the same obligations as those deriving from legitimate filiation. Nonetheless, the proof of natural filiation may result only from voluntary recognition or from judicial recognition in the case where the latter is authorized by law.

*Article III.* The present decree which repeals all laws or applications of laws, all law-decrees that are contrary to it; namely articles 308, 583, 606; second paragraph, 624

---

[1] Article 302 of the Civil Code of Haiti, as amended by Decree Law 466 of December 22, 1944 (*Le Moniteur*, December 25, 1944), provides:

Children born out of marriage, with the exception of incestuous or adulterine children, are legitimated by the subsequent marriage of their father and mother, provided they are acknowledged before the marriage or during the act of marriage . . .

Legitimation shall be recorded at the margin of the birth registration of the legitimated child . . . .

A previous translation of Article 302 provided to the Board reflected that children of adulterous or incestuous relationships could be legitimated under the provisions of that Article. The present translation provided by the Library of Congress reflects that such is not the case. Those Board decisions referencing the mistranslation are accordingly modified to the extent of such mistranslation. *See*, for example, *Matter of Remy*, 14 I&N Dec. 183, 184 (BIA 1972).

and 742 of the Civil Code, will be published and executed at the suite of the State Secretary of Justice.

The record was remanded in *Matter of Levy* for more evidence regarding the effect of the January 27, 1959, Presidential Decree.

In the present case, the Service Appellate Trial Attorney requested a legal opinion from the Hispanic Law Division of the Library of Congress regarding the legitimacy of the beneficiary under the law of Haiti in effect at the time of his birth. In the resulting Library of Congress memorandum, it was opined that the January 27, 1959, Presidential Decree granted children born out of wedlock after that date "the same rights and obligations as those created by legitimate filiation." *See* Appendix. The Service forwarded the memorandum requesting that "it be included in the record file and considered by the Board." By memorandum dated December 18, 1981, the Appellate Trial Attorney advised the Board that "the Service concurs with the opinion of the Library of Congress in this case . . . ."

We have held that when the country where a beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all subsequently born children are deemed to be the legitimate off-spring of their natural father for immigration purposes. *Matter of Pavlovic*, 17 I&N Dec. 407 (BIA 1980); *Matter of Hernandez*, 17 I&N Dec. 7 (BIA 1979); *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1978). The 1959 Haitian Presidential Decree would appear to abolish all legal distinctions between children born in and out of wedlock. Article I of the Decree by its terms repeals all laws to the "contrary." The Library of Congress in an opinion accepted by the Service concludes that the effect of the 1959 Decree is to render legitimate children born in Haiti after January 27, 1959. Under these circumstances, we find that under the law of Haiti at the time of this beneficiary's birth, a child born out of wedlock was deemed the legitimate off-spring of his natural father.

The record will be remanded to the District Director for further consideration based on the above findings. The District Director should of course be satisfied with the authenticity of any foreign document of record upon which he relies to establish the claimed familial relationship.

**ORDER:** The December 30, 1981, decision of the Board in this case is reconsidered and withdrawn and the above decision entered.

**FURTHER ORDER:** The record is remanded to the District Director for further proceedings in accordance with the foregoing opinion and the entry of a new decision.

## APPENDIX
### "ACKNOWLEDGMENT AND LEGITIMATION"

#### Haiti

In order to determine certain rights under the Immigration and Nationality Act of 1952, the requester wants to ascertain whether a 1977 act of acknowledgment of a child born in 1969 in Haiti, attested to by the father in that country, is equivalent to the legitimation of that child.

### I. Classification of Children

Under the provisions of the Civil Code of Haiti, children are classified into three groups: legitimate, natural, and illegitimate.[2] Children of married parents belong to the first group, those born of unmarried parents to the second group, and those whose conception and birth occur under adulterous or incestuous circumstances, to the third.

### II. Acknowledgment of Children

Acknowledgment of children and the concomitant legal effects are also regulated in the Civil Code as amended by Decree Law 466 of December 22, 1944,[3] and subsequently by the Decree of January 27, 1959.[4] Pertinent provisions of the Code state:

*Art. 305.* (as amended in 1944) Acknowledgment of a natural child shall be made through a special instrument excuted before an Official of the Civil Registry if it is not made in the birth registration act.

*Art. 306.* Acknowledgment cannot benefit a child born from an incestuous or adulterous union.

*Art. 307.* The acknowledgment made by the father without the assent and consent of the mother shall not affect the acknowledgment made by the father.

*Art. 308.* (repealed by the Decree of January 27, 1959) Voluntary acknowledgment made during the marriage by one of the spouses for the benefit of the other spouse's natural child born before his or her marriage, with the exception of the acknowledgment of [their] child, shall not prejudice the former [i.e., their child born out of marriage] or children born out of this marriage. Nevertheless, the acknowledgment shall produce legal effects after the dissolution of this marriage if no children are born of it.

In addition, the previously cited Decree of January 27, 1959, further amended the Civil Code by granting acknowledged natural children the same rights and obligations legitimate children have. This Decree provides:

---

[2] A. Léger, *Civil Code Annotated*, arts. 293 and 302 (Port-au-Prince, Imprimerie de "La Presse", 1931).

[3] *Le Moniteur*, December 25, 1944.

[4] *Id.*, January 29, 1959.

> *Art. 1.* Natural filiation creates the same rights and obligations as those created by legitimate filiation.
>
> Nevertheless, proof of natural filiation cannot be other than that arising out of a voluntary act of acknowledgment or out of a judicial acknowledgment in those cases authorized by the law.

In conclusion, under the laws of Haiti, the child born in 1969 and acknowledged by his natural father in 1977 benefits from the provisions of the Decree of January 27, 1959, which grants him the same rights and obligations as those created by legitimate filiation.