MATTER OF HERNANDEZ

In Visa Petition Proceedings

A-24620923

*Decided by Board December 28, 1983*

(1) Under Colombian Law No. 29 of February 24, 1982, all children born in Colombia have equal rights and obligations.

(2) When the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that the country's laws are changed.

(3) If the status of a legitimate child arises after the child is born, the requirements of 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1982), must be met; therefore, the status of a legitimate child must arise prior to the beneficiary's 18th birthday to qualify the beneficiary for immigration benefits.

ON BEHALF OF PETITIONER:    Martin B. Danziger, Esquire
Barst, Mukamal & Babitt
1775 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

BY:  Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner has applied for immediate relative status for the beneficiary as his unmarried daughter under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). The district director, in an opinion dated January 11, 1983, denied the petition on the ground that the beneficiary was born out of wedlock and has not been subsequently legitimated. The petitioner appealed. Oral argument was held before the Board on May 11, 1983. The appeal will be dismissed.

The petitioner is a 49-year-old United States citizen. The beneficiary is a 20-year-old native and citizen of Colombia, born November 1, 1963. The petitioner has submitted copies of the beneficiary's baptismal certificate, her birth registration, and a legal acknowl-

edgment of paternity dated April 21, 1976.[1] The petitioner also submitted photographs of himself with the beneficiary and her sister, copies of airmail envelopes sent to the beneficiary, as well as two statements from the Colombian consulate, one certifying that the law of Colombia now makes no distinction between legitimate and illegitimate children and the other certifying that the petitioner is the natural father of the beneficiary. The petitioner also submitted his own affidavit stating that he is the father of the beneficiary. The petitioner admits that he has never been married to the mother of the beneficiary.

On appeal, the petitioner argues that he has submitted sufficient proof to establish paternity. He further contends that the Colombian Law No. 29 of February 24, 1982, made all Colombian children legitimate, not legitimated. Therefore, he states, the beneficiary should be considered legitimate from birth and any prior Board decisions to the contrary should be modified.

Under section 201(b) of the Act, a United States citizen may accord immediate relative status to the beneficiary if he or she qualifies as the "child" of the petitioner as defined in section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1982). *Matter of Espiritu,* 16 I&N Dec. 426 (BIA 1977); *see also Nazareno v. Attorney General,* 512 F.2d 936 (D.C. Cir.), *cert. denied,* 423 U.S. 823 (1975). *Matter of Bullen,* 16 I&N Dec. 378 (BIA 1977); *Matter of Coker,* 14 I&N Dec. 521 (BIA 1974). The pertinent part of 101(b)(1) states:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a legitimate child; or
>
> . . . .
>
> (C) A child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place *before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (Emphasis added.)

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the immigration benefit sought. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The law of a foreign country is a question of fact which must be proved by the petitioner if he relies on it to establish eligibility for an immigration benefit. *Matter of Annang,* 14 I&N Dec. 502 (BIA 1973).

---

[1] The date on the face of the original of the baptismal certificate shows that the beneficiary was baptized in Bogata within a year of her birth. The copy of the petitioner's legal acknowledgment of the beneficiary was included in the record only on appeal.

15

A legitimate child generally is one born in wedlock. *Matter of Espiritu, supra; Matter of James,* 15 I&N Dec. 544 (BIA 1975); *Matter of Kubicka,* 14 I&N Dec. 303 (BIA 1972). In the present case, the beneficiary was born out of wedlock. Accordingly, it must be established that she is deemed legitimate or legitimated either under the law of New York, the father's place of residence, or under the law of Colombia, the beneficiary's place of residence. When the country where a beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate or legitimated offspring of their natural father from the time that country's laws are changed. *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978); *see also Lau v. Kiley,* 563 F.2d 543 (2d Cir. 1977).

At oral argument the petitioner presented evidence to show that Colombian Law No. 29 of February 24, 1982, made all children born in Colombia legitimate. This evidence includes a statement from the Acting Consul General of Colombia in New York stating that "[a]ll legal distinctions between legitimate and illegitimate children have been abolished. The earlier distinction between children born in or out of wedlock is no longer applicable." Subsequent to the oral argument, the Immigration and Naturalization Service acting appellate trial attorney solicited from the Hispanic Law Division of the Library of Congress a legal opinion concerning the effect of Colombian Law No. 29 of February 24, 1982. This opinion was forwarded by the Service to the Board.

The Library of Congress memorandum explains that at the time of the beneficiary's birth the governing law was Law No. 45 of February 21, 1936.

> The basic provisions of this law state that a child born to parents who at the time of his or her conception were not married to each other is a natural child when he or she has been acknowledged or declared as such according to the law. This child is also reputed to be a natural child in relation to his or her single or widowed mother by the sole fact of birth (art. 1).

According to the Library of Congress memorandum, Law No. 29 of February 24, 1982, which became effective March 9, 1982,[2] altered the law on the civil status of children.

> All children have the same rights and obligations (art. 1). The equality in rights and obligations granted to children by this law was also extended to inheritance rights, as provided by article 2. Thus, as of March 9, 1982, Colombian law did not acknowledge legal differences in the civil status of children.

---

[2] In another paragraph the memorandum cites an effective date for this law of March 29, 1982. Whether the effective date is actually March 9 or March 29 has no effect on the result in this case.

16

Based on the above memorandum and the statement from the Acting Consul General of Colombia, we find that Colombia has eliminated all legal distinctions between legitimate and illegitimate children.

We have held that a child within the scope of such a statute may be included within the definition of a legitimate or legitimated "child" set forth in section 101(b)(1) of the Act, but only if the relationship is established by the requisite degree of proof and the status arose within the time requirements set forth in section 101(b)(1). *Matter of Clahar,* 18 I&N Dec. 1 (BIA 1981); *see also Matter of Martinez,* 18 I&N Dec. 399 (BIA 1983); *Matter of Campuzano,* 18 I&N Dec. 390 (BIA 1983); *Matter of Clarke,* 18 I&N Dec. 369 (BIA 1983); *Matter of Obando,* 16 I&N Dec. 278 (BIA 1977). *See generally Matter of Wong, supra.*

Where a child was not legitimate at birth but later becomes legitimate by whatever means, we continue to hold that the provisions of section 101(b)(1)(C) apply. *See Matter of Oduro,* 18 I&N Dec. 421 (BIA 1983); *Matter of Mesias,* 18 I&N Dec. 298 (BIA 1982). Notwithstanding that a statute or decree confers legitimacy from birth on all children then living, for purposes of the United States immigration laws the age of the child at the time the act of legitimation takes place is controlling. *Matter of Cortez,* 16 I&N Dec. 289 (BIA 1977); *see also Matter of Obando, supra.* Any act of legitimation must take place before the child reaches the age of 18 years. *See Matter of Clarke, supra; Matter of Richard,* 18 I&N Dec. 208 (BIA 1982); *Matter of Clahar, supra.* As the beneficiary was 18 years old at the time of the act of legitimation, the passage of the above cited Colombian statute, she cannot qualify by virtue of that statute as the "child" of the petitioner within the definition of section 101(b)(1) of the Act.

Under the law of New York, the place of petitioner's residence, the natural parents of the child must marry in order to legitimate the child. *Matter of Bullen, supra; Matter of Archer,* 10 I&N Dec. 92 (BIA 1962). Therefore, the beneficiary has not been shown to qualify as the child of the petitioner either under the law of Colombia or of New York. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.