MATTER OF ODURO

In Visa Petition Proceedings

A-23287657
A-23287658
A-23287659

*Decided by Board August 12, 1983*

(1) Under Massachusetts law, legitimation of a person born out of wedlock is effected only by an acknowledgment of paternity (or judicial declaration of paternity) and the marriage of his natural parents.

(2) The lawful permanent resident petitioner's natural, acknowledged offspring who were born out of wedlock and whose natural parents never married did not qualify as the petitioner's "legitimated children" pursuant to Massachusetts law as defined in section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(C), and consequently are ineligible for preference classification as his "unmarried son and daughters" under section 203(a)(2) of the Act, 8 U.S.C. 1153(a)(2).

ON BEHALF OF PETITIONER: Robert D. Price, Esquire
Price & Madaus, P.C.
2 Malden Street
Holden, Massachusetts 01520

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the District Director's decision of July 15, 1982, denying the petitions to classify the beneficiaries as the unmarried son and daughters of a lawful permanent resident under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The appeal will be dismissed.

The petitioner is a 43-year-old native and citizen of Ghana who was admitted to the United States for permanent residence on March 22, 1978, based upon his marriage to either a United States citizen or lawful permanent resident. The beneficiaries are 20, 18, and 11-year-old natives and citizens of Ghana. The petitioner submitted unauthenticated[1] original delayed birth certificates from Ghana for each of the beneficiaries which show the petitioner to be their father. He also executed and

---

[1] *See* 8 C.F.R. 287.6; *Matter of Lau*, 16 I&N Dec. 115, 117 (BIA 1976).

submitted affidavits acknowledging his paternity of the beneficiaries. The petitioner submitted nothing to show that he ever married the beneficiaries' natural mothers.

The District Director correctly noted that in order to establish eligibility for classification as the petitioner's unmarried son and daughters, the beneficiaries must qualify, or once have qualified, as his "children" within the meaning of section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). *Matter of Bullen,* 16 I&N Dec. 378 (BIA 1977). That section provides in pertinent part:

(1) The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

. . . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

Because the beneficiaries apparently were born out of wedlock and the petitioner failed to establish that they had been legitimated under either Massachusetts or Ghanaian law, the District Director concluded the beneficiaries have never qualified as the petitioner's "children." Therefore, he denied the petitions.

On appeal, the petitioner argues that he was separately married to and divorced from the beneficiaries' mothers under Ghanaian customary tribal law and thus they were born in wedlock and are legitimate. He also contends that pursuant to a recent decision by the Massachusetts Supreme Court, *Lowell v. Kowalski,* 1980 Mass. Adv. Sh. 1243, 405 N.E.2d 135 (1980), the beneficiaries qualify or once qualified as his legitimated children under Massachusetts law (his state of residence).

The petitioner did not submit the evidence specified in *Matter of Akinola,* 15 I&N Dec. 359 (BIA 1975), and *Matter of DaBaase,* 16 I&N Dec. 39 (BIA 1976), to prove his alleged Ghanaian customary tribal marriages and divorces. Therefore, he has failed to establish that the beneficiaries are his legitimate offspring.

Turning to the issue of legitimation under Massachusetts law, the term "legitimate," as used in section 101(b)(1)(A) of the Act, was previously applied only to children born in wedlock. *See Matter of James,* 15 I&N Dec. 544 (BIA 1975); *Matter of Dela Rosa,* 14 I&N Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I&N Dec. 303 (BIA 1972). More recently, however, it also has been interpreted to include children born out of wedlock in countries which have eliminated all legal distinctions between legitimacy and illegitimacy. *See Lau v. Kiley,* 563 F.2d 543 (2d Cir. 1977); *Matter of Richard,* 18 I&N Dec. 208 (BIA 1982); *Matter*

*of Mesias,* 18 I&N Dec. 298 (BIA 1982) (Haiti); *Matter of Clahar,* 18 I&N Dec. 1 (BIA 1981) (Jamaica); *Matter of Espinoza,* 17 I&N Dec. 522 (BIA 1980) (Bolivia); *Matter of Hernandez,* 17 I&N Dec. 7 (BIA 1979) (Guatemala); *Matter of Pavlovic,* 17 I&N Dec. 407 (BIA 1980) (Yugoslavia); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979) (Honduras); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978) (China).[2] All such legal distinctions will be deemed to have been abolished only where there is complete equality of filial rights between legitimate children and those born out of wedlock. *Matter of Hernandez, supra.* Where differences in the filial rights of legitimate and illegitimate children do exist, they often appear in matters of inheritance, as well as for purposes of the father's rights to visitation or to prevent his child's adoption or removal, the mother's right to obtain child support, and the criminal liability of the father for nonsupport. *See Matter of Reyes,* 17 I&N Dec. 512 (BIA 1980); *Matter of Chambers,* 17 I&N Dec. 117 (BIA 1979).

Similarly, a "legitimated" child under section 101(b)(1)(C) of the Act is one placed "in all respects upon the same footing as if begotten and born in wedlock." *Pfeifer v. Wright,* 41 F.2d 464, 466 (10th Cir. 1930), *cert. denied,* 282 U.S. 896 (1931). Acknowledged children, such as the instant beneficiaries, will therefore be considered "legitimated" only where they attain the full legal status of legitimate children as a result of the act of acknowledgement. *See Matter of Mourillon,* 18 I&N Dec. 122 (BIA 1981); *Matter of Reyes, supra; Matter of Chambers, supra.*

Prior to the *Lowell* case cited by the petitioner, Massachusetts General Law, chapter 190, section 7, provided that a child born out of wedlock could be legitimated only by marriage of his natural parents together with acknowledgment of paternity by his father.[3] *Matter of C—,* 9 I&N Dec. 242, 244 (BIA 1961). The function of this legitimation procedure is to place such a child on a parity with legitimate children for all purposes. *Re Adoption of a Minor,* 338 Mass. 635, 156 N.E.2d 801 (1959); *MacIntyre v. Cregg,* 350 Mass. 22, 212 N.E.2d 860 (1965).

The *Lowell* court determined that under the recently adopted "Equal Rights Amendment" to the Massachusetts Constitution, Mass. Gen. Law, ch. 190, section 7 was unconstitutional insofar as it absolutely required that the parents of a child born out of wedlock must marry

---

[2] Only children who are born *after* the country's laws are changed to eliminate all such legal distinctions are deemed to be "legitimate" for immigration purposes. *See ibid.* It is also apparent that children born *prior* to such a law change are deemed to be "legitimated" thereby. *See Matter of Clarke,* 18 I&N Dec. 369, at p. 6 (BIA 1983); *Matter of Cortez,* 16 I&N Dec. 289, 290 (BIA 1977). A prior-born child who is so legitimated must be under 18 years of age at the time the law changed in order to qualify as a "legitimated child" under section 101(b)(1)(C) of the Act.

[3] An alternative to the father's acknowledgment was (and is) a judicial declaration of paternity.

before such child can inherit from his father. Therefore, it held that an illegitimate child is permitted to inherit from the estate of his natural father who has acknowledged his paternity to the same extent as the father's legitimate children. Otherwise stated, the *Lowell* decision was carefully circumscribed, holding that an acknowledged illegitimate child has the same legal status as a legitimate child, but *only for purposes of inheritance.*

In response to the *Lowell* decision, the Massachusetts legislature amended Mass. Gen. Law, ch. 190, section 7 in 1980 to conform to that ruling. The section now provides, in part, that, "If a decedent has acknowledged paternity of an illegitimate person or if during his lifetime or after his death a decedent has been adjudged to be the father of an illegitimate person, that person is heir of his father . . . ." However, it is apparent that this is an exception to the basic legitimation rule which is also set forth in ch. 190, section 7. That section, entitled "When Illegitimate Child to Be Deemed Legitimate," still provides that the fundamental legitimation rule is: "An illegitimate person whose parents have intermarried and whose father has acknowledged him as his child or has been adjudged his father . . . shall be deemed legitimate and shall be entitled to take the name of his parents to the same extent as if born in lawful wedlock." Thus, whereas an acknowledged illegitimate child has coequal rights with legitimate children only for purposes of inheritance, Massachusetts law requires both an acknowledgment of paternity (or judicial declaration of paternity) *and* the marriage of the natural parents in order for a child born out of wedlock to attain the *full* legal status of legitimate children for *all* purposes.[4]

In view of the foregoing, we hold that under Massachusetts law, legitimation of a person born out of wedlock is effected only by an acknowledgment of paternity (or judicial declaration of paternity) and the marriage of his natural parents.

The petitioner has failed to establish that the beneficiaries were born in wedlock. Furthermore, even though the petitioner apparently has acknowledged paternity of the beneficiaries, inasmuch as he has not demonstrated that he ever married the beneficiaries' mothers, he has failed to establish that they qualify or once qualified as his legitimated children under section 101 (b)(1)(C) of the Act. Accordingly, they are ineligible for classification as his unmarried son and daughters.

**ORDER:** The appeal is dismissed.

---

[4] Moreover, because Massachusetts law incorporates a limited exception for acknowledged children in inheritance matters, and yet retains the concept of illegitimacy and prescribes a specific procedure for legitimation, this belies any alleged equality of legitimate/legitimated children and those born out of wedlock, even if acknowledged. We will not presume that the law creates a distinction without a difference. *See Matter of Mourrillon, supra,* at 5; *Matter of Reyes, supra,* at 515; *Matter of Cortez, supra* n. 2, at 292 (BIA 1977).