## MATTER OF MARTINEZ

### In Visa Petition Proceedings

### A-26013185

*Decided by Board May 10, 1983*

(1) In order to obtain preference status for the beneficiary as his married daughter under section 203(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(4), a petitioner must establish that the beneficiary once qualified as his "child" within the meaning of section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1).

(2) Under the law of Florida, the father's residence and domicile, legitimation of a child born out of wedlock requires the marriage of the child's natural parents. Florida Statutes Annotated, Title 42, Domestic Relations, Section 742.091.

(3) By virtue of the Family Code of Cuba, effective prospectively from March 8, 1975, all children have equal rights under the laws of that country.

(4) Where the beneficiary, a native and citizen of Cuba, was born out of wedlock in 1958, and acknowledged by her natural father in 1962, prior to her 18th birthday, she is deemed a legitimated child for immigration purposes under section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C).

ON BEHALF OF PETITIONER:    Edwin A. Steinberg, Esquire
Schreiber & Steinberg
513 Ainsley Building
14 N.E. First Avenue
Miami, Florida 33132

BY:   Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner applied for preference status for the beneficiary as his married daughter under section 203(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(4). In a decision dated July 22, 1981, the District Director denied the petition. The petitioner has appealed. The appeal appears to have been filed several days late. We will take certification of this case pursuant to 8 C.F.R. 3.1(c). The appeal will be sustained and the visa petition approved.

The beneficiary is a native and citizen of Cuba who was born out of wedlock on June 9, 1958. The petitioner is a 43-year-old native of Cuba and a citizen of the United States. The petitioner resides in Florida. The petitioner filed a visa petition on behalf of the beneficiary on October 20, 1980.

A birth certificate submitted with the visa petition reflects that the beneficiary is the natural daughter of the petitioner. The record further reflects that the beneficiary's parents never married.

The District Director in his decision references the changes in the 1975 Cuban law regarding the nature of filiation. He refers specifically to Article 65 of law 1289, known as the Family Code of Cuba, effective March 8, 1975, which provides that all children born in Cuba, whether in or out of wedlock, are considered legitimate and entitled to all rights and privileges under the law. The District Director further noted that the provisions of Article 65 are not retroactive but are prospective in nature and, therefore, a child born prior to March 8, 1975, in Cuba, must meet the qualifications as defined in section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C). Consequently, the District Director denied the petition on the ground that the beneficiary was born out of wedlock prior to 1975 and had never been legitimated.

On appeal, counsel for the petitioner contends that the "beneficiary was legitimated under the laws of Cuba as in effect at the time of her birth on June 9, 1958," as required by section 101(b)(1)(C) of the Act.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). In order to qualify as the petitioner's daughter, the beneficiary must at one time have been the petitioner's child within the definition of section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974).

Under section 101(b)(1) of the Act, a person may qualify as a "child" within the context of the immigration laws only where the parent-child relationship exists by reason of any of the circumstances set forth in section 101(b)(1). The term "child," as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or legitimated in accordance with the provisions of section 101(b)(1)(C) of the Act:

a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, *if such legitimation takes place before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (Emphasis supplied.)

In the present case, the beneficiary was born out of wedlock. Accordingly, it must be established that she was either deemed legitimate or legitimated under the law of Cuba or Florida.

Under the law of Florida, Title 42, Domestic Relations, Section 742.091, of the Florida Statutes Annotated (West Supp. 1982), provides as follows:

742.091  Marriage of parents

If the mother of any child born out of wedlock and the reputed father shall at any time after its birth intermarry, the child shall in all respects be deemed and held legitimate. . . .

Inasmuch as the beneficiary's natural parents never married, she has not been legitimated under Florida law.

On January 14, 1983, we requested the position of the Immigration and Naturalization Service with regard to the foreign law issues raised on appeal. On April 25, 1983, the Service responded with a legal opinion from the Hispanic Law Division of the Library of Congress regarding the legitimacy of the beneficiary under the law of Cuba in effect at the time of her birth. In the Library of Congress report dated March 1983, which is concurred in by the Service, it is stated that the rights granted by the Family Code to natural children who were acknowledged by their parents prior to the date of the enforcement of the Code take effect prospectively (not retroactively) from the date of the enforcement of the Code (March 8, 1975). This report further states that the provisions of Article 36 of the 1976 Constitution became effective prospectively on February 24, 1976.

As noted above, on March 8, 1975, the Republic of Cuba adopted law 1289, known as the Family Code (*Gaceta Oficial*, Feb. 15, 1975). Article 65 of this Code provides:

All children are equal and for this reason they all have equal rights and the same duties with regard to their parents, regardless of the civil status of the latter.

Furthermore, Article 36 of the present Constitution of Cuba in force as of February 24, 1976 (*Gaceta Oficial*, Feb. 24, 1976, Special Edition), provides:

All children have equal rights, regardless if they are born in or out of wedlock. All qualifications on the nature of filiation are abolished. There shall not be any statements whatsoever on differences of birth or on the civil status of parents in the birth registration acts of the children or in any other document where parentage is referred to.

The Family Code of 1975 and the Constitution of 1976 do not contain any provision making it retroactive. Further, under Article 8 of the Cuban Civil Code now in force, laws shall not have retroactive effect unless they so provide. However, we note that when the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that country's laws are changed. *See Chin Lau* v. *Kiley*, 563 F.2d 543 (2 Cir. 1977); *Matter of Pavlovic*, 17 I&N Dec. 407 (BIA 1980); *Matter of Hernandez*, 17 I&N Dec. 7 (BIA 1979); *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1978).

In this case, the petitioner has met the test for legitimating the beneficiary as described in Article 65 of the Family Code of Cuba adopted on March 8, 1975. The beneficiary was 16 years old when the Cuban law

was enacted. The petitioner acknowledged paternity of the beneficiary in her birth certificate registered in Cuba on June 23, 1962. We find that the petitioner has adequately established the familial relationship. Accordingly, the beneficiary qualified as the "child" of her natural father within the meaning of section 101(b)(1)(C). We note that unless there is evidence to show that the father of a legitimated child has been deprived of his natural right to custody, he will be presumed to share custody with the child's mother, and to satisfy the legal custody requirement of section 101(b)(1)(C) of the Act. *Matter of Rivers*, 17 I&N Dec. 419 (BIA 1980).

Based on the above, we find that the beneficiary has been legitimated according to the law of her residence, Cuba, and therefore qualifies as the "child" of the petitioner within the meaning of section 101(b)(1) of the Act. The appeal will accordingly be sustained, and the visa petition will be approved.

**ORDER:** The appeal is sustained and the visa petition is approved.