**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-3131 & 18-1510
_____

ADEL DESSOUKI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF
AMERICA,
                                        Respondent

_____

On Petition for Review of Decisions of the
United States Department of Justice
Board of Immigration Appeals
(A029-635-695)
Immigration Judge: Rosalind K. Malloy

_____

No. 18-2110
_____

ADEL DESSOUKI,

                Appellant

v.

SECRETARY, UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; ATTORNEY GENERAL
UNITED STATES OF AMERICA; ACTING DIRECTOR
UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES; ACTING DISTRICT DIRECTOR UNITED
STATES CITIZENSHIP AND IMMIGRATION SERVICES
PHILADELPHIA DISTRICT OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cv-02389)
District Judge: Honorable Timothy J. Savage
_____

Argued November 15, 2018

Before: GREENAWAY, JR., BIBAS, and FUENTES, *Circuit
Judges.*

(Filed February 14, 2019)
_____

Douglas A. Grannan [ARGUED]
300 Walnut Street
Philadelphia, PA 19106
         *Counsel for Petitioner-Appellant*

Elizabeth Fitzgerald-Sambou [ARGUED]
Rodolfo D. Saenz
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Anthony St. Joseph
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
         *Counsel for Respondent-Appellee*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

People have several paths to press claims of U.S. citizenship. They can raise citizenship as a defense to removal. They can affirmatively petition the government. And they can bring their claims in federal court. In any case, the core inquiry remains the same: is this person a United States citizen? Adel Dessouki is not. That one finding moots the rest of the issues

3

here. So we will deny his petitions for review and dismiss his District Court appeal.

## I. BACKGROUND

Adel Dessouki's immigration saga spans decades. He was born in France in 1982. His parents never married, and they separately immigrated to the United States. Dessouki came with his mother and went on to live with his father. Though they entered on temporary visas, his mother became a lawful permanent resident and his father a U.S. citizen. But Dessouki himself remained on parole status for many years.

Things took a turn for the worse in 2003, when Dessouki was convicted of several drug-related felonies. The government soon tried to remove him. But the government failed to prove that Dessouki was an alien. So an immigration judge terminated his removal proceedings. Dessouki remained in the United States.

But not for long. A few years later, the government reopened the proceedings. After reconsidering the previous decision, another immigration judge reversed course and rejected Dessouki's claim that he was a citizen. The government then removed him to France.

Ever-persistent, Dessouki snuck back into the United States. But not without consequence—he was charged with reentry after deportation. He recently pleaded guilty and was sentenced to time served.

Dessouki continued to claim citizenship. He first asked an immigration judge to reopen his removal proceedings. The

4

judge denied that motion, and the Board of Immigration Appeals affirmed. Dessouki next brought a motion to reconsider, which the Board also denied. He then filed an action in U.S. District Court seeking a declaration that he is a citizen under 8 U.S.C. § 1503(a). The District Court dismissed the case for lack of subject-matter jurisdiction. In this consolidated appeal, Dessouki seeks review of these adverse rulings.

## II.  WE MUST DECIDE DESSOUKI'S CLAIM TO CITIZENSHIP

For years, Dessouki has claimed that he derived citizenship from his father. He has presented this argument to immigration judges, the Board, and U.S. Citizenship and Immigration Services. With one exception, it has been rejected at every turn.

He now advances the same argument here. We too will reject it. But before getting there, we must ensure that we have jurisdiction. And we do have it, because Congress obligates us to review claims of citizenship:

> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

8 U.S.C. § 1252(b)(5)(A). We have assumed that this provision grants jurisdiction. *See, e.g.*, *Morgan v. Att'y Gen.*, 432 F.3d 226, 229 (3d Cir. 2005).

Today, we affirm that interpretation. To begin, the word "shall" imposes a mandatory requirement. By obligating us to

5

review nationality claims, §1252(b)(5)(A) must grant jurisdiction. The obligation to decide entails the power to do so. Other parts of this provision confirm our reading; much of §1252 concerns jurisdiction. *See, e.g.*, §1252(e)(2) (granting limited review over habeas proceedings); §1252(a)(2) (exempting other proceedings from judicial review); §1252(b)(1)-(3) (listing requirements for appellate jurisdiction). Given this statutory context, §1252(b)(5)(A) is best read as granting jurisdiction.

A contrary reading would raise serious constitutional concerns. The Executive cannot deport a citizen. A "claim of citizenship is thus a denial of an essential jurisdictional fact" in a removal proceeding. *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922). But unless we read §1252(b)(5)(A) as jurisdictional, Article III courts would lack the power to ensure that the Executive does not overstep its bounds and deport citizens. We should avoid this result. In sum, not only can we review Dessouki's claim to citizenship before the agency, but we must do so.

### III.  DESSOUKI IS NOT A CITIZEN

Dessouki bases his citizenship claim on his father's naturalization. But the relevant law requires his parents to have once been married. They never were, so Dessouki is not a citizen.

We exercise plenary review over Dessouki's claim to citizenship. *Jordon v. Att'y Gen.*, 424 F.3d 320, 328 (3d Cir. 2005). The law "in effect at the time [of] the critical events giving rise to" his claim governs our review. *Morgan*, 432 F.3d

at 230. So we apply the law as it was in 1998, the year that his father naturalized. At that time, a child born outside the United States to alien parents could derive citizenship in three ways. 8 U.S.C. § 1432(a) (repealed 2000); *Jordon*, 424 F.3d at 329.

First, Dessouki could gain citizenship if both his parents were naturalized. § 1432(a)(1). But his mother never was, so his claim fails under that provision. Second, if one of his parents died, the other's naturalization sufficed. § 1432(a)(2). But that too is inapt, because both his parents were alive in 1998.

The third path requires him to satisfy three subsections. § 1432(a)(3)-(5); *Jordon,* 424 F.3d at 329. Dessouki's claim fails at (a)(3), so we need not reach whether (a)(4) and (a)(5) are met. He can satisfy (a)(3) in two ways. First, if "there has been a legal separation of the parents," Dessouki must show the "naturalization of the parent having legal custody of [him as a] child." § 1432(a)(3). Or "if the child was born out of wedlock and the paternity of the child has not been established by legitimation," he must show that his mother naturalized. *Id.* The second half of this provision does not help Dessouki, because his mother was never naturalized.

So that leaves the first half of (a)(3). There too, Dessouki's claim hits a snag. His path to derivative citizenship turns on two words: "legal separation." A legal separation "occurs only upon a formal governmental action … under the laws of a state or nation having jurisdiction over the marriage." *Morgan*, 432 F.3d at 234. There can be no legal separation here—because there was never a marriage in the first place. Dessouki concedes that his parents never married. Pet'r Br. 3. Those who never marry cannot legally separate. True enough, Dessouki's

7

parents have lived apart for decades. In that sense, they are separated. But finding this arrangement a "legal separation" would flout our decision in *Morgan* and read the word "legal" out of the statute. So Dessouki's claim under the first half of (a)(3) fails as well. Because Dessouki does not satisfy any of § 1432(a)'s alternatives, he is not entitled to derivative citizenship.

\* \* \* \* \*

Dessouki raises many arguments on appeal. But in the end, he is not a citizen. That is enough to deny his two petitions for review and moot the lingering agency issues. Our finding that Dessouki is not a citizen also moots his district-court suit. So we will dismiss his appeal of the District Court's dismissal.