NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3240

_____

THOMAS CALVIN ALEXIS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

ON PETITION FOR REVIEW OF A
DECISION OF THE BOARD OF IMMIGRATION APPEALS
(A044-251-256)
Immigration Judge: Leo A. Finston
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2019
_____

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Opinion Filed: September 12, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Thomas Alexis seeks review of a decision from the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an Immigration Judge ("IJ") finding him removable for having committed an aggravated felony that resulted in a loss to the victims of more than $10,000. The government asserts that we lack jurisdiction over this petition because the BIA's decision, which remanded the record to the IJ pursuant to 8 C.F.R. § 1003.1(d)(6) "for the purpose of allowing the Department of Homeland Security the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h)," A.R. 6, was not a final order of removal. While we agree that the BIA's decision was not a final order of removal, our agreement is based on a point not raised by either of the parties: the fact that the IJ never determined whether Alexis is or is not a citizen.

Before the IJ, Alexis claimed to have derived citizenship from his naturalized father.[1] At a hearing on July 19, 2017, the IJ, in reviewing the allegations set forth in the Notice to Appear ("NTA"), noted that "[a]llegation number one was not established yet."

_____

[1] Alexis based this claim on 8 U.S.C. § 1432(a) (repealed by Pub.L. 106-395, Title I, § 103(a), Oct. 30, 2000, 114 Stat. 1632), which allows a child to derive citizenship from his or her parent under specific circumstances. Relevant to Alexis, a child qualifies for derivative citizenship upon "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents," so long as the parent's naturalization occurs before the child's eighteenth birthday and the child is residing in the United States as a legal permanent resident. 8 U.S.C. § 1432(a)(3)-(5).

2

A.R. 78. Allegation number one states "[y]ou are not a citizen or national of the United States." A.R. 300. Subsequently, in her decision, the IJ noted that she "will not address [Alexis's] claim to citizenship to allow the parties to provide additional evidence on this issue." A.R. 49. However, nothing in the record indicates that the question of Alexis's citizenship was ever resolved.

As we recently recognized, "[t]he Executive cannot deport a citizen. A 'claim of citizenship is thus a denial of an essential jurisdictional fact' in a removal proceeding." *Dessouki v. Att'y Gen.*, 915 F.3d 964, 967 (3d Cir. 2019) (quoting *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922)). Because citizens cannot be removed, it is necessary for immigration judges to make an initial determination that the individual before them is a noncitizen before ruling on the question of removal. Given that this essential condition precedent was not found by the IJ, the removal order is not final. We therefore must dismiss the petition.

Note two final points about the scope of our holding. First, because Alexis's unresolved citizenship claim requires us to dismiss, we need not resolve the other jurisdictional hurdle on which the parties disagree: whether Alexis's removal proceedings are final even though the IJ has not yet completed background checks under 8 C.F.R. § 1003.47(h). *See Vakkar v. Att'y Gen.*, 519 F.3d 143, 147 (3d Cir. 2008); *Yusupov v. Att'y Gen.*, 518 F.3d 185, 196 n.19 (3d Cir. 2008). Second, while we cannot remand with instruction because of the lack of jurisdiction, we nonetheless anticipate that the IJ will address the unresolved citizenship claim while considering the other issues on

remand from the BIA.[2]



[2] In recommending that a decision be made as to Alexis's citizenship, we note that the laws of Trinidad and Tobago recognize common law marriage and allow for the legal separation of couples that have been cohabiting without the necessity of court action. Cohabitational Relationships Act, Act No. 30 of 1998, ch. 45:55, sec. 24 ("A man and a woman who are not married to each other may enter into a cohabitation agreement or a separation agreement for the purpose of facilitating their affairs . . . .").