NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3063
_____

SIMEON ANTONIO SPENCE,
                                    Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Petition for Review of
an Order of the Board of Immigration Appeals
(A037-330-231)
Immigration Judge: John P. Ellington
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 18, 2020

Before: McKEE, BIBAS, and COWEN, *Circuit Judges*

(Filed: October 1, 2020)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

Simeon Spence was born out of wedlock in Jamaica in early 1979. Later that year, his

parents married. Around the same time, his father immigrated to the United States. After

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

his father petitioned on their behalf, Spence and his mother entered the country in 1981 as lawful permanent residents. Though his mother became a U.S. citizen in 1989, his father never naturalized.

In 2011, Spence was convicted of cocaine trafficking and conspiracy. Because those are aggravated felonies as well as drug crimes, the government sought to remove him.

Before the immigration court, Spence conceded that he was removable unless he was a U.S. citizen. But he argued that he was a citizen, because his mother had naturalized. On that ground, he moved to terminate his removal proceeding.

The immigration court denied Spence's motion. The immigration judge found that his parents' marriage legitimated him and established paternity under Jamaican law, preventing him from gaining citizenship under former 8 U.S.C. § 1432(a)(3) (repealed 2000). The Board of Immigration Appeals affirmed the citizenship ruling. Spence now petitions for review of that ruling.

We have jurisdiction and review his citizenship claim de novo. 8 U.S.C. § 1252(b)(5)(A); *Dessouki v. Att'y Gen.*, 915 F.3d 964, 966–67 (3d Cir. 2019). We look to the law as it stood at his birth in 1979 and at his mother's naturalization in 1989. *Morgan v. Att'y Gen.*, 432 F.3d 226, 230 (3d Cir. 2005). In 1989, the citizenship of a child born abroad was governed by former 8 U.S.C. § 1432(a).

Spence does not claim citizenship under subsection (a)(1), (a)(2), or the first half of (a)(3). Rather, he invokes the second half of (a)(3), claiming that he gained citizenship by "the naturalization of the mother" because "the child was born out of wedlock and the paternity of the child has not been established by legitimation." § 1432(a)(3). Everyone

2

agrees that Spence's mother naturalized when he was ten and that he was born out of wedlock. So the key question is whether "the paternity of [Spence] has not been established by legitimation." *Id.* For that question, we look to the domestic-relations laws of Jamaica. *See Brandao v. Att'y Gen.*, 654 F.3d 427, 429–30 (3d Cir. 2011) (deciding the legitimacy of a child born in Cape Verde based on that country's laws); *see also Morgan*, 432 F.3d at 232.

In Jamaica, his parents' marriage in 1979 legitimated Spence. Under section 2 of the Legitimation Act of Jamaica, any child born out of wedlock is legitimated when his parents later marry. Act of June 3, 1909, c. 217 Law 18 of 1961. The result is the same under section 3 of the Jamaica Status of Children Act, which abolished legal distinctions between legitimate and illegitimate children. Act 36 of 1976 (Nov. 1, 1976). We read laws that abolish legitimacy distinctions as deeming "all natural children … to be the legitimate or legitimated offspring of their natural father." *Brandao*, 654 F.3d at 430 (quoting *In re Hernandez,* 19 I. & N. Dec. 14 (BIA 1983)). Spence does not deny that he is his father's biological son. Thus, under either law, he has been legitimated.

The Board reads the two statutes more narrowly than we do, as legitimating a child only when the child's parents marry. *In re Cross*, 26 I. & N. Dec. 485, 489–90 (BIA 2015). It makes no difference here. Even under the Board's test, Spence was legitimated by his parents' marriage.

Spence raises four objections. First, he claims that his father could not have acknowledged paternity without taking some affirmative step, like putting his name on his son's birth certificate. Under the Jamaican statutes, however, marrying his mother sufficed.

Second, Spence insists that the Jamaican Status of Children Act limits the ways of recognizing paternity and that marriage suffices only in cases of inheriting property. But we see nothing in that Act that abrogates or curbs section 2 of the Legitimation Act.

Third, Spence objects that his father's paternity was not established under Florida law, where he lived with his mother before she naturalized in 1989. He never raised that argument before the Board. And Florida law does not matter, because he was legitimated under Jamaican law when his parents married in 1979.

Finally, Spence argues that he was not in his father's legal custody at the time of his legitimation, citing 8 U.S.C. § 1101(c)(1). He never raised that claim before the Board either. Because he did not exhaust it, we will not consider it. 8 U.S.C. § 1252(d)(1); *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005).

\* \* \* \* \*

By marrying Spence's mother after his son's birth, Spence's father legitimated him under Jamaican law. That established Spence's paternity. Thus, he does not qualify for derivative citizenship under the second half of former 8 U.S.C. § 1432(a)(3). We will deny his petition for review.