**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-2713 and 20-1312
_____

SAYED NISAR AHMAD AHMADI, a/k/a Nisar Shmad Ahmadi,
a/k/a Carlos Febus, a/k/a Robert E. Cramutalo, a/k/a Alex Rosa,
a/k/a Hayatullah Yousefzai, a/k/a David Saga, a/k/a Alexander Rosa,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.: A025-357-429)
Immigration Judge: Craig DeBernardis
_____

19-2713 Argued: July 9, 2020

20-1312 Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

March 10, 2021

_____

Before: McKEE, BIBAS, and FUENTES *Circuit Judges*

(Opinion filed: April 7, 2021)

Sayed Nisar Ahmad Ahmadi        [Argued]
440 Amity Lane
North Wales, PA 19454
   *Pro Se Petitioner*

Jacob E. Hartman    [Argued]
Kellogg Hansen Todd Figel & Frederick
1615 M Street, N.W.
Suite 400
Washington, DC 20036
    *Appointed Amicus for Petitioner*

Aric A. Anderson    [Argued]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Respondent*

_____

OPINION[*]

_____

McKEE, Circuit Judge.

Sayed Nisar Ahmad Ahmadi petitions for review of a final order of removal entered by the Board of Immigration Appeals in May 2002 and a November 2019 order denying his motion to reconsider and reopen.[1]  For the reasons that follow, we will deny

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] In November 2019, the BIA denied Ahmadi's motion to reconsider and reopen. Thereafter, on February 11, 2020 we entered an order consolidating Ahmadi's Motion to Reconsider dismissal of his petition to reopen with the Petition to Review the BIA's 2002 removal order.  The order also construed the motion as a petition for review of the BIA's November 2019 decision denying his motion to reconsider and motion to reopen. Pursuant to that consolidation order, his new petition for review was deemed timely filed as of December 30, 2019.

the petitions.[2]

Ahmadi entered the United States from Afghanistan in 1982 as an eleven-year-old child with his parents and siblings. In 1997, when Ahmadi was 26, the Immigration and Naturalization Service instituted removal proceedings against him based on firearms violations and an aggravated felony under 8 U.S.C. §§ 1227(a)(2)(A) and (C).[3] The BIA ultimately affirmed the Immigration Judge's determination that Ahmadi was subject to removal due to the nature of his convictions and ruled that he was not eligible for withholding of removal.

There are "two sources of citizenship, and two only: birth and naturalization."[4] Derivative citizenship permits a child who is a noncitizen to naturalize if his parent or parents naturalize before his eighteenth birthday.[5] There is no genuine issue of material fact that Ahmadi has no claim under the derivative citizenship statute. Ahmadi's parents were not naturalized before he turned eighteen in 1988. While Ahmadi argues that, under

---

[2] The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3), which grants the Board appellate jurisdiction over decisions of immigration judges in removal proceedings. We have jurisdiction to review the Board's order under 8 U.S.C. § 1252. Citizenship claims are subject to plenary review. *Dessouki v. Att'y Gen.*, 915 F.3d 964, 967 (3d Cir. 2019). Because both petitions bring the same underlying claim, even assuming we have jurisdiction in 19-2713, we would reach the same conclusion. Thus, we deny both petitions.

[3] Ahmadi was sentenced for an indeterminate term of two to twenty-three months, which qualifies for an aggravated felony, as indeterminate sentences are functionally equivalent to sentences at the maximum of the range. *Bovkun v. Ashcroft*, 283 F.3d 166, 170–71 (3d Cir. 2002).

[4] *Miller v. Albright*, 523 U.S. 420, 423 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898)).

[5] *Morgan v. Att'y Gen.*, 432 F.3d 226, 229-30 (3d Cir. 2005).

the Child Citizenship Act of 2000, he has derivative citizenship because his father naturalized after Ahmadi turned eighteen, we have previously held that the Act does not apply retroactively to people who turned eighteen before Congress passed the Act.[6]

We are not unsympathetic to Mr. Ahmadi's claims and we appreciate his belief that he should be afforded citizenship through his parents. However, for the reasons that we have explained, the law does not allow us to grant him the relief he seeks. We must therefore deny his petitions for review of the BIA's decisions.[7] As such, no further action will be taken on any other requests for relief still pending in these cases.

---

[6] *See Morgan*, 432 F.3d at 230 fn. 1.

[7] Although we must deny Mr. Ahmadi's petitions for review, we do want to commend him for the professional and lawyer-like manner in which he has argued his case to us.