CLD-213                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3375
_____

SIMEON ANTONIO SPENCE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-330-231)
Immigration Judge:  John P. Ellington

_____

Submitted on Respondent's Motion for Summary Disposition Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
on August 4, 2022

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: August 16, 2022)

_____

PER CURIAM

Simeon Antonio Spence petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. The Government has filed a motion for summary disposition arguing that Spence's petition presents no substantial question. We agree, and we will therefore grant the Government's motion and summarily deny the petition for review. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Spence is a native and citizen of Jamaica. He was born there out of wedlock in 1979. His parents were married later that year. In 1981, after his father had immigrated to the United States, Spence and his mother entered as lawful permanent residents. His mother became a naturalized U.S. citizen in 1989.

In 2011, Spence was placed in removal proceedings based on his conviction for cocaine trafficking and conspiracy. He conceded his convictions, but argued that he was a U.S. citizen under former 8 U.S.C. § 1432(a)(3) (repealed 2000), which provided:

> A child born outside of the United States of alien parents . . .
> becomes a citizen of the United States upon fulfillment of the
> following conditions: . . . (3) The naturalization of the parent
> having legal custody of the child when there has been a legal
> separation of the parents or the naturalization of the mother if
> the child was born out of wedlock and the paternity of the child
> has not been established by legitimation.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Spence relied on the second half of (a)(3), arguing that because his mother had naturalized, he is a U.S. citizen. The IJ denied his claim and the BIA dismissed his appeal. We denied his petition for review, finding no error with the Agency's determination that, under Jamaican law, the marriage of Spence's parents in 1979 legitimized him, precluding citizenship under § 1432(a)(3). See Spence v. Att'y Gen., 827 F. App'x 215, 217 (3d Cir. 2020).

In 2021, Spence filed a motion to reopen with the BIA, arguing that he had new evidence that his parents legally separated prior to his mother's naturalization, making him eligible for citizenship under the first half of § 1432(a)(3). Specifically, he presented an affidavit that was filed in the Court of Common Pleas of Potter County, Pennsylvania, in his parents' divorce proceedings. In that affidavit, Spence's parents attest that "[t]he parties to this action separated on 1987-06-18 and have continued to live separate and apart for a period of at least one year." A.R. at 57. The Board denied the motion to reopen, noting that Spence's parents' divorce decree was dated December 9, 2019, and that his parents' statement in the affidavit was insufficient to establish that they were legally separated when his mother naturalized in 1989. This timely petition for review followed. The Government has filed a motion to summarily deny the petition.[1]

---

[1] We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). We review the denial of a motion to reopen for an abuse of discretion, Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006), reversing only if the BIA's decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA's factual determinations underlying the denial of the motion to reopen must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Zheng v. Att'y Gen., 549 F.3d 260, 266 (3d Cir. 2008) (citation omitted).

We find no error with the BIA's conclusion that the affidavit was insufficient to establish that Spence's parents were legally separated in 1989. "A legal separation occurs only upon a formal governmental action . . . under the law of a state or nation having jurisdiction over the marriage." Dessouki v. Att'y Gen., 915 F.3d 964, 967 (3d Cir. 2019) (internal quotation marks omitted); accord Brissett v. Ashcroft, 363 F.3d 130, 134 (2d Cir. 2004). Pennsylvania, a state with jurisdiction over the marriage of Spence's parents,[2] recognizes a legal separation only by a formal divorce decree. See Morgan v. Att'y Gen., 432 F.3d 226, 234 (3d Cir. 2005). To obtain a divorce under Pennsylvania's "no fault" divorce law, parties must "have lived separate and apart for a period of at least two years." 23 Pa. Cons. Stat. Ann. § 3301. The 2019 divorce decree, which made no mention of a legal separation nor reference to the affidavit, did not establish that Spence's parents were separated as of the date listed in the affidavit or by the time his mother naturalized in 1989. See A.R. at 59.

Spence argues that the Pennsylvania divorce decree acts as a "nunc pro tunc" court order establishing a prior "legal separation." Br. at 8. For support, he relies on Minasyan v. Gonzales, 401 F.3d 1069 (9th Cir. 2005). In that case, a California state court entered a dissolution decree in 2001 and, subsequently, a formal order recognizing that the petitioner's parents had separated in October 1993. The Ninth Circuit found that the petitioner had established his derivative citizenship because the nunc pro tunc order "reiterate[d] the original judicial determination that [the petitioner's] parents separated, as a

---

[2] Spence suggests that Florida possibly had jurisdiction over his parents' marriage, but he admits that no formal government action in that state established a legal separation.

matter of law in October 1993." <u>Id.</u> at 1079 n.18. In stark contrast, however, the Pennsylvania divorce decree recognized only the date of Spence's parents' divorce, and not the date of their separation. And even assuming that the decree could act as a nunc pro tunc order establishing a prior legal separation consistent with § 3301, a question we left open in <u>Morgan</u>, <u>see</u> 432 F.3d at 234 n.3, it would not be within two years of Spence's mother's naturalization. Accordingly, because Spence's new evidence was not likely to change the outcome of the immigration proceedings, the BIA's decision to deny the motion to reopen was not "arbitrary, irrational, or contrary to law."

Based on the foregoing, we grant the Government's motion for summary disposition and will deny the petition for review.